(112 App. Div. 168)

CONDON v. CHURCH OF ST. AUGUSTINE et al.

MILLER v. CHURCH OF ST. AUGUSTINE.

(Supreme Court, Appellate Division, First Department. April 6, 1906.)

**1.** RELIGIOUS SOCIETIES—CHURCHES—ACTS OF AGENT—CONSTRUCTION CONTRACT—ASSENT OF CORPORATION.

The rector of a Catholic church, holding title to certain property for the benefit of the church, executed a contract in his own behalf for the construction of the mason work of a new edifice thereon. The contract appeared not to have been executed nor authorized by the church's board of directors. Thereafter another contract, purporting to have been executed on behalf of the corporation, and signed and sealed by the rector as the act of the corporation, recited that certain extra work had been performed and materials furnished by plaintiff in accordance with modifications made of the previous contract, and arbitrators were appointed thereunder to determine the matters in dispute. Everything connected with the work was in the hands of the rector, and money raised on mortgage of the property was applied to payment of the work, and drawn from the corporation's bank account, which stood in the name of the rector in his representative capacity. Held, that such facts were sufficient to establish the assent of the corporation to the original contract.

**2.** MECHANICS' LIENS—CONTRACTS—PERFORMANCE—FILING OF LIEN—AMOUNT DUE.

A contract for the mason work of a church edifice required plaintiff to complete the work within a limited time, and in case of default the owner might notify him in writing to proceed, and, if he still failed so to do within the space of three days after service, the owner might finish the work as the contractor's agent, and deduct the cost thereof from any moneys due him under the contract. Plaintiff failed to go on with the work after notice properly served, and at the time of his abandonment. of the entire contract price of $27,900, $21,650 had been paid. It cost the church to complete plaintiff's work $10,270, and in an action to foreclose a mechanic's lien the referee found that plaintiff was entitled to

$4,653 for extra work, but that the church was entitled to a credit of
$4,974 for work omitted. *Held*, that such facts established that there
was nothing due plaintiff at the time his lien was filed, and that the
same was therefore unenforceable.

3. CONTRACTS—BUILDING CONTRACTS—BREACH.
During the completion of a building contract plaintiff signed a memoran-
dum agreeing to ask for no more money until all of the plastering of
the building was completed if he was paid $2,000 on that day, which was
delivered to him. *Held* that, the plastering never having been completed,
plaintiff was not justified in subsequently refusing to complete his con-
tract because of the failure of the church to pay him for extra work.

4. MECHANICS' LIENS—SUBCONTRACTORS—PROCEEDINGS—COSTS.
Subcontractors, having been made defendants in proceedings to fore-
close a mechanic's lien, sought to foreclose their lien against any sum
found due to the contractor. The main litigation was between the con-
tractor and the owner, 11 witnesses being called and examined on plain-
tiff's behalf, and 16 on behalf of the owner, while only two were called
by the subcontractors. At the beginning of the trial the subcontractors
were relieved from attending before the referee until after the pro-
ceeding between the contractor and the owner had been settled, and the
greater part of the record consisted of testimony of plaintiff's witnesses
and exhibits. *Held* that, on the dismissal of the lien of both the con-
tractor and subcontractor, it was not a proper exercise of the court's
discretion, conferred by Code Civ. Proc. § 3411, to tax all the costs and
disbursements of the action to the subcontractors.

Action by Patrick J. Condon against the Church of St. Augustine
and others. From a judgment denying the cross-complaint of Clifford
L. Miller and Henry P. Robinson for the foreclosure of a subcon-
tractor's lien they appeal. Modified and affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM,
LAUGHLIN, and CLARKE, JJ.

Jacob F. Miller, for appellants.
David McClure, for respondent.

PATTERSON, J. This action was brought to foreclose a mechan-
ic's lien on real property belonging to the defendant the Church of
St. Augustine, a religious corporation. On the 30th of June, 1894, the
plaintiff entered into a contract in writing, which upon its face pur-
ported to be made between himself and the trustees of St. Augustine's
Roman Catholic Church of the city of New York. It was signed by T.
F. Gregg, rector of the church, and does not appear to have been ex-
ecuted, or, when it was made, authorized, by the board of trustees of
the church at a regular meeting. By that contract the plaintiff agreed
to complete and finish mason work to be done in the erection of a new
church and rectory building on land belonging to the church corpora-
tion, and to supply materials therefor. The owner agreed to pay the
contractor for doing the work and furnishing the materials the sum of
$27,900 in partial payments, at certain stages of the work. The con-
tractor stipulated to provide whatever was necessary for the proper
completion of the mason work within a limited time, and that if he
failed to do so the owner might notify him in writing to proceed and
complete the work, and if he failed so to do for the space of three days
after service of a notice the corporation might do the work as the agent
of the contractor, and deduct the cost thereof from any moneys due or

to become due to him under the contract. Alterations and extra work were provided for, and a stipulation was made that, if any dispute should arise regarding the alterations or extra work, it should be decided by arbitrators. On the 16th day of December, 1894, another contract in writing was made, which on its face purports to be between the plaintiff and the Church of St. Augustine, "formerly the trustees of St. Augustine's Roman Catholic Church of New York." To that contract was affixed the official seal of the corporation, and apparently on its behalf was signed, "T. F. Gregg, Rector St. Augustine's, N. Y." This second contract recited that certain extra work had been performed and materials furnished by the plaintiff in accordance with modifications made of the previous contract, and arbitrators were appointed to determine the matters in dispute arising between the parties relating to such extra work. When the contract of June was made, the title to the real property was in the name of Thomas F. Gregg, as rector of St. Augustine's Roman Catholic Church of the city of New York. On the 27th day of September, 1894, Thomas F. Gregg, individually, and as rector of St. Augustine's Roman Catholic Church of the city of New York, conveyed the property to the Church of St. Augustine of the city of New York. On the 25th of October, 1894, the church corporation mortgaged the property to the Emigrant Industrial Savings Bank of the city of New York, and that mortgage was executed by the president and secretary of the mortgagor, the corporate seal was affixed, and the acknowledgment was made by Thomas F. Gregg, rector of the Church of St. Augustine, who in the certificate of acknowledgment swore that the seal of the corporation was affixed by order of the board of trustees; that he signed his name thereto by like order, as secretary of the corporation, and that the president of the corporation signed the instrument by like order of the board of trustees. That mortgage was authorized by order of the Supreme Court upon a petition presented by the board of trustees of the Church of St. Augustine, with the object of raising money to pay off a prior mortgage upon the property, and for use in the construction of a new church building and a new rectory upon the real estate involved in this action. The plaintiff proceeded to do the work and to furnish materials under the contract with the Rev. Mr. Gregg, the rector of St. Augustine's Church, and he also did certain extra work upon the requirement of the rector. Concerning that extra work an arbitration was had, but it is unnecessary to enter into the details of it. The plaintiff contracted with the firm of Miller & Robinson, defendants herein, for materials to be used in the performance of his (the plaintiff's) contract. Those materials, consisting of brick, lime, and laths, were furnished. On the 10th of April, 1895, the plaintiff filed a lien against the property described in the complaint and against the Church of St. Augustine, as owner, for the sum of $20,417.95, "for work, labor, and services done and materials furnished between the 1st day of July, 1894, and the 10th day of April, 1895." On the 20th of December, 1895, Miller & Robinson filed a notice of lien for the sum of $4,354, for cement, lime, brick, flue linings, and lath furnished between July 30, and December 13, 1894, of the agreed value of $7,-354.10, upon which they credited as having been received on account the sum of $3,000, leaving a balance due of $4,354.10. To the action

to foreclose his lien the plaintiff made parties defendant the church
corporation, Miller & Robinson, and other lienors. The church an-
swered, as did also the defendants Miller & Robinson, the latter set-
ting up. in their answer their lien, and claiming their right to payment
from any amount that might be found due from the St. Augustine .
Church to the plaintiff. The referee found that the contract of June 30,
1894, between the Rev. Mr. Gregg and the plaintiff was not binding
upon the church corporation, inasmuch as it was not executed or authoriz-
ed formally. by the trustees of that corporation; that that .contract was
not ratified by the corporation, because its trustees failed as a body to
ratify it; that the corporation did not consent to the performance of
work and the furnishing of materials by the plaintiff; that the notice
of lien filed by the plaintiff was insufficient and ineffectual; that there
was nothing due to the plaintiff for extra work or under the contract
at the time notice of lien was filed; that the plaintiff without excuse
abandoned the work; that the notice of lien filed by Miller & Robinson
was also defective, but that Miller & Robinson had a claim against the
plaintiff for the material furnished by them. He dismissed· the com-
plaint against St. Augustine's Church, but directed a money judgment
in favor of Miller & Robinson against the plaintiff, with costs, and
he charged all the costs and disbursements of the church corporation
against Miller & Robinson. Appeals were taken by the plaintiff and
the defendants Miller & Robinson, but that. of the last-named parties
is alone before us.

Many matters were discussed on the argument which we do not find
it necessary to consider in the determination of this controversy as it
is now presented. We are concerned only with the rights of Miller &
Robinson and of the plaintiff so far as they are connected with or
related to each other, and as those of the former depend upon those of
the latter. It is as well to say, perhaps, that we are not satisfied of the
correctness of the ruling of the referee that the notice of lien filed by
the plaintiff was insufficient, but we are satisfied that the notice of lien
filed by Miller & Robinson was sufficient, and that is all that is required
under the mechanic's lien law of 1885. That the referee was technically
correct in ruling that the church corporation was not bound as an orig-
inal contracting party to the agreement of June 30, 1894, need not be
questioned, and that there was no technical ratification of that agree-
ment may also be conceded; but it is very plain that there was a con-
sent on the part of the corporation to the plaintiff performing work and
supplying materials under the June contract, above referred to. The
property upon which the improvements were made and to which the
contract related was always that of the church. The rector, on the
whole evidence, is clearly shown to have been in fact the agent of the
church corporation. All through the record it appears that everything
connected with the progress of this work, from its initiation until the
end, was left in the hands of Mr. Gregg as the representative of the
corporation. Money raised upon the mortgage was applied to the pay-
ment of work done in part by the plaintiff in the construction of the
church and the rectory connected therewith; that money was put into
and drawn from the bank account of the church, kept in the name of
"Thomas F. Gregg, Rector of St. Augustine's, New York," and the
church corporation had no other bank account than the one kept in that

way, and the Rev. Mr. Gregg paid out the money to the plaintiff on account of his work. Upon the proof before us, we conceive it to be an impossibility that those who constituted the board of trustees could have remained in ignorance of the fact that the plaintiff was doing work and furnishing materials under the employment and direction of the Rev. Mr. Gregg, and was being paid by him from money in his hands belonging to the church. The president of the board of trustees testified that in a general sense the Rev. Mr. Gregg was the superintendent in the construction of the church building and the rectory. If there are any cases in which the assent of the owner (that owner being a corporation) is to be implied from facts and circumstances, we conceive this to be a most conspicuous one. But it is unnecessary to dilate upon that subject, for we have reached the conclusion that the referee was right in finding that at the time the lien was filed by the plaintiff there was nothing due to the plaintiff, that he had no right to a lien, and that he abandoned the work without reason. He had begun work on the church structures in July, 1904, and at the end of October of that year had completed it so far as might be done, in the absence of iron girders or trusses which another contractor had agreed to furnish and put into the buildings. He had also done extra work not included in the contract. In December, 1904, a contractor who was under obligation to furnish the girders began to put them in, and the Rev. Mr. Gregg gave notice to the plaintiff to proceed with his work. The plaintiff had already presented his bill for extra work, but the rector refused to pay it, and the plaintiff declined to go on until that bill was paid. Thereupon the rector caused to be served a notice, in accordance with the provision of the contract referred to, requiring the plaintiff to go on with his work, and that, in the event of his not doing so, other persons would be employed to finish it, and the cost would be deducted from any moneys found due to the plaintiff under his contract. That course was authorized. The contract price of the work was $27,900, upon which had already been paid the sum of $21,650. It cost the church to finish and complete the work of the plaintiff $10,270. The referee found that upon this statement of figures there was a balance to be deducted from the plaintiff's claim for extra work of $4,020, and that he was entitled for extra work to the sum of $4,653, but that the church was entitled to credit for work omitted to the amount of $4,974. If those findings are right, there was nothing owing to the plaintiff at the time the liens were filed. We think the figures as found by the referee are correct and supported by the evidence.

It is claimed, however, that the plaintiff was justified in refusing to complete the work in consequence of the refusal of the church corporation to pay him for the extra work. What is said in Flaherty v. Minor, 123 N. Y. 389, 25 N. E. 418, to the effect that where a contract required defendants to make to a plaintiff payments as the work progressed, and the defendants refused to pay as required, there was a breach of the contract by the defendants, which justified a refusal on the part of the plaintiff to continue the work, does not apply under the facts as they appear in the record before us. On the 1st of December, 1894, the plaintiff received a sum of money from the church, and delivered to it a writing in the following words:

"I hereby agree to ask for no more money for work on St. Augustine's Church and rectory, in which I am the contractor, until all plastering is completed in both buildings, if I am paid the sum of $2,000 to-day."

That sum was paid, and it would appear that nothing was due the plaintiff when it was paid. The plastering never was completed. When the plaintiff left the work, the first truss had been put up. It fell, and they were re-erecting it about December 17, 1894. On December 14, 1894, the three days' notice was served. Before the expiration of that period, the first truss was in position, and much work could have been done by the plaintiff under his contract. The remarks of the referee in his opinion on this subject are satisfactory, and in our judgment dispose of it.

We are of the opinion that the referee did not err in his finding that the plaintiff and the defendants Miller & Robinson had no right to enforce a lien against the property at the time their respective notices of lien were filed, but we are unable to see how upon any just, reasonable, or equitable ground all the costs and disbursements of this action should be charged upon the defendants Miller & Robinson. They did not foment a litigation nor did they protract it. They were made parties to the action, and they merely endeavored to enforce their rights in subordination to those of the plaintiff, if, peradventure, his lien were established, and the church property made subject to it. The proceedings before the referee, set forth in the voluminous record before us, were almost all connected with the efforts of the plaintiff to establish his claim and those of the church corporation to resist it. Eleven witnesses were called and examined on the plaintiff's behalf, sixteen were called and examined on behalf of the St. Augustine Church corporation, and but one or two on behalf of the defendants Miller and Robinson. At the beginning of the trial the referee directed what course of procedure should be pursued, namely, that:

"The plaintiff shall prove his case, and, after the taking of the testimony, it appearing that the defendants other than the Church of St. Augustine are sublienors, if the referee shall deny a motion to dismiss the complaint or to dismiss the lien of the plaintiff, he will then direct that the other defendants claiming liens on the property shall prove their cause of action, and will cause a notification to be given to the attorneys of such sublienors in due time for them to prove the same before him. Until that time, the attorneys for said lienors are excused from attendance on the reference if they so desire, and their defaults will not be noted."

The greater part of the record of the proceedings before the referee consist of testimony of the plaintiff's witnesses and some exhibits which are interspersed through it. It is within the discretion of the court in mechanic's lien cases to award costs to the prevailing party. Section 3411 of the Code of Civil Procedure. We think it was an erroneous exercise of judicial discretion to charge the immense bill of costs taxed in this case against defendants, who were merely standing upon their legal rights, dependent upon the fate of a claim which the plaintiff sought to establish against the owner of the property. The costs should have been charged only against the plaintiff.

The judgment should be modified by striking out the provision respecting the recovery of costs against Miller & Robinson, and, as modified, affirmed, with costs of this appeal to Miller & Robinson. All concur.