J. C. Whritenour Co., Inc., Respondent, *v.* Colonial Homes Co., Inc., and Others, Appellants.

Second Department, June 25, 1924.

Liens — mechanic's lien — action to foreclose — damages for breach of building contract cannot be included in lien — plaintiff was paid in full before action was commenced — plaintiff was justified in quitting work on ground of failure of defendant to make payments as agreed — defendant not entitled to recover on counterclaim based on breach of contract.

Damages caused by a breach of a building contract add nothing to the value of the premises upon which the building is being erected and are not within the purview of the Lien Law and cannot be included in a mechanic's lien.

In this action to foreclose a mechanic's lien, the evidence shows that the plaintiff was paid in full before the action was commenced and that it was justified in stopping work on the ground that the defendant failed to make payments on the contract as agreed, and since the defendant did not make the payments under the contract when due, it is not entitled to recover on its counterclaim based on a breach of the contract by the plaintiff.

APPEAL by the defendants, Colonial Homes Co., Inc., and others, from a judgment of the Supreme Court · in favor of the plaintiff, entered in the office of the clerk of the county of Nassau on the 11th day of January, 1923, upon the decision of the court, rendered after a trial at the Nassau Special Term.

*Edward L. Frost,* for the appellants.

*Felix Reifschneider, Jr.,* for the respondent.

JAYCOX, J.:

The plaintiff originally began this action simply to foreclose a mechanic's lien, serving the ordinary complaint in such an action. Later it served an amended complaint in which it combined with allegations appropriate to an action to foreclose a mechanic's lien, allegations in relation to damages which plaintiff claimed to have suffered because it was not permitted to complete its contract, and asked that it be adjudged that plaintiff have a lien for an amount greatly in excess of the amount claimed to be due the plaintiff in the notice of lien filed by it. The theory upon which the Lien Law grants a lien is that the lienor by his labor or materials or both has added to the value of the property upon which a lien is claimed. Damages caused by a breach of the building contract add nothing to the value of the premises upon which the building is being created and are not within the purview of the Lien Law. Apparently the court proceeded upon the correct

theory, as plaintiff's alleged damages are not mentioned in the findings or judgment. This rather empty claim is thus mentioned and disposed of so that it may be apparent that it affords no basis for the judgment entered herein and to which I am about to refer. The lien claimed by plaintiff having been discharged by the filing of an undertaking pursuant to section 19 of the Lien Law (Consol. Laws, chap. 33; Laws of 1909, chap. 38), the plaintiff was awarded a judgment for the sum of $612 and costs. This judgment is predicated upon a conclusion of law that the plaintiff is adjudged to have had a valid lien for that amount.

The only finding that shows how the court arrived at that amount reads as follows:

" 5. That, in pursuant of said agreement, plaintiff entered upon the performance of its obligations thereunder and performed all work and furnished all materials necessary to entitle it to receive the second payment of $7,100, specified in the agreement, and has performed all conditions necessary by it to be performed, but defendant, the Colonial Homes Company, has failed to make payments as specified and as certified by the architect, save that there has been paid to the plaintiff the sum of $6,488, leaving a balance now due and owing to plaintiff from defendant amounting to the sum of $612, no part of which has been paid."

As this finding indicates, the whole controversy related to the second payment on account of the contract, $7,100. The plaintiff's president testified to the receipt of payments amounting to $7,803.22. Plaintiff's counsel after eliciting this testimony stated that the payments amounted to $6,803.22 and the defendants' counsel said the addition was correct. The defendants' attorneys apparently discovered this error later, as they excepted to the finding above quoted and asked the court to find the items of payment as testified to by plaintiff's president and also that the total amount paid exceeded the amount due on the contract at its then stage of completion by the sum of $703.22 and excepted to the court's refusal so to find. Upon this appeal the plaintiff's position is not in all respects entirely clear, but it does not contend that this error in addition was not made. It, however, seeks to sustain its judgment by claiming that it performed work not covered by the second payment. But the futility of that claim is shown by the fact that the court did not so find, and the plaintiff proposed no such finding. It is, therefore, quite clear that practically all plaintiff did was to complete the buildings to the point where under the contract it was entitled to the second payment of $7,100.

The defendants upon this appeal claim not only that the judgment in favor of the plaintiff should be reversed, but also that the

defendants should be granted judgment upon their counterclaim. The judgment makes no mention of the counterclaim, and the findings signed by the court are also silent upon this subject. The defendants proposed findings which, if found, would have entitled them to judgment on the counterclaim. The court did not note its disposition thereof on the margin thereof as required by section 439 of the Civil Practice Act. The defendants have assumed that this was equivalent to a refusal to find as requested and have excepted to such refusal. Without expressing any opinion thereon we will assume that this attitude is correct. The plaintiff's theory upon the trial was that it abandoned the work for non-payment of the amount due it and not because of the notice served under the contract terminating the contract for failure to furnish sufficient men and material. The court has found in the finding above quoted that the plaintiff has performed all the conditions necessary by it to be performed but defendant the Colonial Homes Company has failed to make payments as specified and certified by the architect, and refused to find that the defendant was justified in sending the above-mentioned notice to the plaintiff. The controversy between the parties did not relate to the amount of the payments only, but also involved the time of the payments. The testimony shows that the bill of Foreman & Co., amounting to $3,948.22 at the time plaintiff quit the work, was still a liability of the plaintiff. The defendant Colonial Homes Company had made itself liable for it but the plaintiff was not relieved of liability until long after it stopped working and after the lien was filed. The plaintiff was entitled to be paid, and payment to Foreman & Co. as a substitute for payment to plaintiff must be actual payment and not a promise. Therefore, I think from this situation it may be spelled out that plaintiff was paid in full before the suit was brought and, therefore, not entitled to judgment; that plaintiff quit the work because of the failure of the Colonial Homes Company to make payments to it when due, and was justified in so doing; that as the defendant Colonial Homes Company did not make the payments under the contract when due, it is not entitled to recover on its counterclaim.

The judgment should be reversed on the facts, with costs, and judgment directed for defendants dismissing the complaint, with costs. The fifth finding of fact should be reversed and a new finding of fact made in place thereof in which the correct amount paid to plaintiff, to wit, $7,803.22, is stated, and the conclusions of law should be reversed.

KELLY, P. J., RICH, MANNING and KAPPER, JJ., concur.

Judgment reversed on the facts, with costs, and judgment unanimously directed for defendants dismissing the complaint, with costs. Fifth finding of fact reversed and a new finding of fact made in place thereof, in which the correct amount paid to plaintiff, to wit, $7,803.22, is stated, and the conclusions of law reversed. Settle order on notice.