LEON DECORATING Co., INC., Appellant, *v.* FIFTH AVENUE REALTY CORP., Respondent, et al., Defendant.

Supreme Court, Appellate Term, First Department, January 29, 1948.

*Jesse H. Barkin* and *Manuel Tancer* for appellant.

*George Popkin* for respondent.

MEMORANDUM *Per Curiam.* Defendant O'Kane, as lessee, was obligated under the terms of the lease made with defendant-respondent Fifth Avenue Realty Corp., the owner, to do certain alteration work. This was a sufficient consent to make the owner liable for the painting work necessarily done by plaintiff in connection with the alteration. It was not necessary that plaintiff obtain a separate consent from the owner in order to be afforded the protection given by section 3 of the Lien Law.

The judgment should be reversed, with costs, and judgment directed for plaintiff, with costs.

HAMMER, J. (dissenting). I dissent and vote for affirmance. A contractor who does work for and upon the credit of a tenant, and on nonpayment relies on the landlord's consent provided in the written lease to impress a mechanic's lien therefor on the landlord's interest in the real property, is bound by the expressed conditions limiting the consent. A landlord has the right to protect himself against the filing of liens by contractors doing work for tenants. Consent or acquiescence may be established only by proving an affirmative act thereof by the landlord, which the lower court found, correctly in my opinion, was not shown. (See *Beck* v. *Catholic University,* 172 N. Y. 387; *Rice* v. *Culver,* 172 N. Y. 60; *De Klyn* v. *Gould,* 165 N. Y. 282; *Hankinson* v. *Vantine,* 152 N. Y. 20.) Cases involving unrestricted general consents and those accompanied by private agreements of limitation between landlords and tenants do not seem to be applicable.

EDER and HECHT, JJ., concur in *Per Curiam* memorandum; HAMMER, J., dissents in memorandum.

Judgment reversed, etc.