Bernard S. Meyer, J.
Plaintiff subcontractor seeks to foreclose a mechanic’s lien for work performed in installing a pump and well under contract with I. M. Solomon & Co., Inc., on the premises of Plainview Jewish Center. Solomon, it is alleged, contracted with Gordon Caterers, Inc., to install an air-canditioning system which Gordon under an agreement with the Center was obligated to install. The complaint asks foreclosure of the lien and, failing that, personal judgment against Solomon. Solomon has assigned for benefit of creditors and both Solomon and the assignee have defaulted in this action. The Center and Gordon defend on the grounds that it has not been shown that there is any amount due Solomon and that plaintiff by removing the pump after filing its lien waived the lien. The Center defends on the further grounds that as a religious corporation, it could consent only by formal action of its trustees and that it never undertook to pay any amount to anyone.
The latter objections are not well taken. In evidence is the contract between the Center and Gordon which in paragraph 5 (d) provided: “ The Caterer agrees to install a new central air conditioning unit to cover the lobby, social hall and chapel. Title to said air conditioning equipment and unit shall vest in the Temple and become the property of the Temple, immediately upon its installation, free and clear of any mortgages, conditional bills of sale, liens and any other encumbrances.” That the consent of a religious corporation can be manifested in some way other than formal board action is established by Condon v. Church of St. Augustine (112 App. Div. 168). Section 3 of the Lien Law requires nothing more than that the improvement be made with the consent of the owner. The quoted contract clause constitutes express consent to the particular installation. *571 (Gates & Co. v. National Fair & Exposition Assn., 225 N. Y. 142, 152; Tinsley v. Smith, 115 App. Div. 708, affd. 194 N. Y. 581; Osborne v. McGowan, 1 A D 2d 924; Meistrell v. Baldwin, 144 App. Div. 660; Leon Decorating Co. v. Fifth Ave. Realty Corp., 191 Misc. 89.) That the air-conditioning equipment was to become the Temple’s property “ free and clear of any * * * liens ”, while effective as between the Center and Gordon, does not avail the Center in this action. The owner’s consent to an improvement brings the Lien Law into play and the owner cannot consent and at the same time defeat the beneficial statutory purpose by agreeing with someone other than the lienor that the consent shall not give rise to a lien (Wilson’s Plumbing Shop On Wheels v. Dartmouth Coll., 168 Misc. 376; but, see, Gates & Co. v. National Fair & Exposition Assn., supra, pp. 152, 154).
The contention that by retaking the pump plaintiff lost its lien is no better founded. The lien provided for in section 3 of the Lien Law is “ upon the real property improved * * * and upon such improvement ” and is not restricted to any particular part of it. True under section 39-c of the Lien Law, one who repossesses ‘1 materials for the improvement which have not been incorporated therein * * * shall have no lien on the real property or improvements against persons secondarily liable, for the price thereof” (emphasis supplied). Had plaintiff’s abortive retaking been pursuant to that section, its effect would have been nothing more than to reduce the amount of the lien. It was not in accord with the section, however, for the pump had been incorporated in the improvement. The lien reduction provision of that section is not operative, therefore, and the pump having been returned to the premises the incident is without effect as concerns the lien (cf. the third sentence of Lien Law, § 4).
The question is thus reduced to whether there is sufficient proof of the contract between Gordon and Solomon, of the completion of the work called for by that contract and of a balance remaining due. Defendant Gordon’s testimony establishes the making of a contract with Solomon for the air-conditioning installation for a total of $5,420, that Solomon abandoned the job and Gordon incurred expense in completing it of $286 to Galindo, $390 to Tom’s Plumbing & Heating, $355 to Kolak Electrical Service, $420 to Barber-Colman, $410 to Nicholas Mastrose, $200 to Capson Company, and $300 for laborers, and that no payment was ever made to Solomon. Thus only $2,361 of the $5,420 contract price was expended. The testimony of the Center’s officer Gole and plaintiff’s employee Main establishes that plaintiff’s *572 work was done on the Center’s property and Gordon’s testimony establishes that he did not have to call in anyone to make the well installation. Gole’s testimony establishes that the air-conditioning system was completed and operating. The testimony of plaintiff’s officer establishes the value of the work done at $2,225. The court finds that the evidence, other than Exhibit 1, is sufficient to establish that plaintiff was the subcontractor that installed the well and pump required by Solomon’s contract with Gordon. It concludes that plaintiff has, under the construction given the Lien Law in Van Clief v. Van Vechten (130 N. Y. 571) a lien in the amount of $2,225, that being the value of plaintiff’s work and materials, and the difference between the cost of completion and the amount unpaid when the lien was filed being in excess of that sum.
Settle judgment fixing the amount of plaintiff’s lien at $2,225 with interest from July 26, 1962, and providing that should said sum not be paid within 30 days after service of a copy of the judgment with notice of entry, the property be sold. In the exercise of discretion, costs are not allowed.