Gordon M. Lipetz, J.
In this action by a contractor to foreclose a mechanic’s lien the question posed is whether the amount of the contractor’s mechanic’s lien against real property is governed by the agreed price contained in a contract between the contractor and the lessee or by the reasonable value of the labor performed and materials furnished.
*1037 The Parr Company of Suffolk, Inc. (hereinafter Parr), is the fee owner of a 200-acre tract of vacant scrub oak land in Yaphank, Suffolk County, which it leased to Suffolk Meadows Quarter Horse Racing Association (hereinafter Suffolk Meadows) for the purpose of constructing and operating thereon a quarter horse race track, grandstand and incidental facilities.
Ronald Parr and Alfred Parr are the sole stockholders, officers and directors of Parr. They also own 41% of the stock and are directors of Suffolk Meadows. Ronald Parr is chairman of its board of directors and treasurer; Alfred Parr is its president. Suffolk Meadows has a total of 13 directors and 8 stockholders.
On August 23, 1973 Suffolk Meadows entered into a contract with Peter Scalamandre & Sons, Inc. (hereinafter Scalamandre), for the concrete work on the grandstand and race track facility for the sum of $1,182,151, with specified unit prices for the purpose of computing additions and deductions for contemplated change orders in the work as the job progressed. Ronald Parr participated in the negotiation of the contract but neither he nor the Parr corporation signed same.
Scalamandre proceeded promptly with the work and continued until November 20, 1973, when it left the job because of nonpayment of its payment requisitions. At that time Scalamandre had completed 98% of the foundation work and 81% of the superstructure of the total value of $1,116,439.32, including extras of $30,278.81, pursuant to the contract. Suffolk Meadows had made payments of $625,000, leaving a balance due of $491,439.32, for which amount Scalamandre filed the mechanic’s lien which it now seeks to foreclose. The defendant Parr claims that the contract price is greatly inflated and that the amount of Scalamandre’s lien is limited to the reasonable value of the labor performed and materials furnished.
Mechanic’s liens have their derivation entirely in statutory law, existing neither at common law nor in equity. Thus, the applicable statutes must be examined. Section 3 of the Lien Law provides in pertinent part as follows: "A contractor, subcontractor, laborer, materialman * * * who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof, or of his agent, contractor or subcontractor, shall have a lien for the principal and interest, of the value, or the agreed price, of such labor or materials upon the real property improved or to *1038 be improved and upon such improvement, from the time of filing a notice of such lien as prescribed in this chapter.” Section 4 of the Lien Law provides in pertinent part as follows: "Such lien shall extend to the owner’s right, title or interest in the real property and improvements, existing at the time of filing the notice of lien * * * If labor is performed for, or materials furnished to, a contractor or subcontractor for an improvement, the lien shall not be for a sum greater than the sum earned and unpaid on the contract at the time of filing the notice of lien, and any sum subsequently earned thereon. In no case shall the owner be liable to pay by reason of all liens created pursuant to this article a sum greater than the value or agreed price of the labor and materials remaining unpaid, at the time of filing notices of such liens”.
While not a party to the contract, there is no question that Parr consented that the improvement be made, since its lease to Suffolk Meadows was for the purpose of constructing and operating a quarter horse race track. The contractor’s lien is therefore valid under section 3 of the Lien Law. (Osborne v McGowan, 1 AD2d 924; Mathies Well & Pump Co. v Plainview Jewish Center, 42 Misc 2d 569.)
With respect to the amount thereof, sections 3 and 4 of the Lien Law both use the words "value, or the agreed price”. The Legislature did not use the words without reason. It was intended that one or the other be controlling, depending upon the facts and circumstances in a given case. Obviously, where there is no agreed price the value of the labor and materials is the extent of the lien. However, the question presented here is: does the fact that the contractor has a contract with a lessee require that the agreed price stated therein be binding upon the owner? The statute is silent.
That Ronald and Alfred Parr are officers, directors and stockholders of both Parr and Suffolk Meadows does not alter the fact that the two corporations are separate entities (Custer Bldrs. v Quaker Heritage, 41 AD2d 448; Crowell Corp. v Merrie Paper Co., 35 AD2d 803), and a contract made by Suffolk Meadows does not bind Parr to pay the amount therein specified, even though it consented that the improvements be made.
In Whritenour Co. v Colonial Homes Co. (209 App Div 676), the Appellate Division, Second Department, said: "The theory upon which the Lien Law grants a lien is that the lienor by his labor or materials or both has added to the value of the *1039 property upon which a lien is claimed. Damages caused by a breach of the building contract add nothing to the value of the premises upon which the building is being created and are not within the purview of the Lien Law.”
While Parr consented that the improvements be made, no proof was adduced that it consented to the contract price. It is immaterial whether it was the lessee or the contractor who breached the contract. The measure of the contractor’s lien against the property and its owner should, in my opinion, be the value of the labor and material added to the property rather than the contract price, which might have been inflated beyond the reasonable value thereof to the owner’s detriment. (See Goldberger-Raabin, Inc. v 74 Second Ave. Corp., 252 NY 336, 342; Wright v Reusens, 133 NY 298; Mathies Well & Pump Co. v Plainview Jewish Center, 42 Misc 2d 569, supra; Majestic Tile Co. v Nicholls, 161 Misc 231.)
Accordingly, the court holds that the extent of Scalamandre’s mechanic’s lien against the property and its owner is to be measured by the reasonable value of the labor and materials furnished for the improvement of the property as of the date of filing of the lien. The trial of the action shall be continued, at which time proof of the reasonable value thereof will be taken.