In the Matter of P.T. & L. CONSTRUCTION Co., INC., Appellant,
v EDWARD P. WINNICK et al., Respondents.

Third Department, November 23, 1977

## APPEARANCES OF COUNSEL

*Norton & Christensen (Henry N. Christensen, Jr., of coun-sel), for appellant.*

*Livingston S. Latham for respondents.*

## OPINION OF THE COURT

MAIN, J.

Petitioner is the prime contractor for the construction of a

portion of Interstate 88 and for other work on adjacent New York State highways. For contemplated use in the performance of its two contracts, the petitioner sought to buy soil for use as borrow in the construction of the highways. On December 28, 1973 petitioner signed a contract with respondents under the terms of which petitioner purchased "all of the soil in place" on the respondents' land for the sum of $33,000. Petitioner was to pay this amount in four installments and the first two payments plus interest at 7%, amounting in all to about $15,000, have been paid. The last two payments due on January 1, 1975 and July 1, 1975 have not been made. On February 4, 1977 respondents filed their notice of lien with the Comptroller of the State of New York, since they sought to impress a lien on money to be paid by the State to the petitioner under the construction contracts. Subsequently, petitioner made application pursuant to subdivision 7 of section 21 of the Lien Law for an order summarily discharging the lien, asserting that since no soil had been taken or disturbed, no material was furnished, expended or used in the project and that the lien was invalid or improper under any reasonable construction of section 5 of the Lien Law. While conceding that no soil had been taken or used, respondents countered that the soil was sold and thereby furnished to petitioner and still remained available to it. Special Term denied petitioner's application upon the affidavits, holding that "until the rights of the parties under the agreement are eventually resolved, respondents are entitled to the benefits of their lien" and this appeal followed.

■ ■ Section 5 of the Lien Law in relevant part provides as follows: "A person performing labor or furnishing materials * * * for the construction * * * of a public improvement pursuant to a contract * * * with the state * * * shall have a lien for the principal and interest of the value or agreed price * * * of such materials upon the moneys of the state * * * to the extent of the amount due or to become due on such contract". In construing section 5 of the Lien Law it should be remembered that liens provide a limited remedy and are generally used to recover the fair value of that which, because of its use, is now physically or logically unrecoverable. The theory upon which the Lien Law grants relief is that the lienor, by his labor or materials, or both, has added something to the value of the property *(Whritenour Co. v Colonial Homes Co.,* 209 App Div 676). Bearing these principles in mind and after reviewing the Lien Law in general, and sections 5 and 12

thereof in particular, it is reasonable to conclude that entitlement to relief under the Lien Law is predicated upon a showing that labor or materials have been furnished and have been expended or used so as to have become an inseparable part of the object of the particular contract. It is true that in *Giant Portland Cement Co. v State of New York* (232 NY 395) an exception, commonly called the diversion exception, was carved out when the court as to one "lot" of cement held that, since the material had been furnished in good faith, the lien should not be defeated by the contractor's diversion of the material which had then been expended in another project. This finding or "diversion exception" does not nullify the general theory that the material must be expended or, at least, be out of the materialman's control. In fact, this theory appears to be buttressed by the court's treatment of the second "lot" of cement which had been retaken by the supplier. A lien was filed for lost profit on this "lot" and, in holding that there could be no lien, the court found that the act of retaking the cement was entirely inconsistent with and destructive of the theory sustaining a lien. *(Giant Portland Cement Co. v State of New York, supra,* p 406). We conclude that upholding the instant lien would be equally inconsistent and destructive and the lien must be discharged.

The order should be reversed, on the law, and the lien discharged, without costs.

SWEENEY, J. P., MAHONEY, LARKIN and MIKOLL, JJ., concur.

Order reversed, on the law, and lien discharged, without costs.