■ PLATTSBURGH QUARRIES, INC., Respondent, v PALCON INDUSTRIES, INC., et al., Appellants, et al., Defendants. — Mahoney, P. J. Appeal from an order of the Supreme Court at Special

Term (Brown, J.), entered December 17, 1984 in Clinton County, which denied the motion of defendants Palcon Industries, Inc., and Aetna Insurance Company to dismiss the complaint.

On or about August 1, 1983, defendant Bunkoff Construction Company, Inc., entered into a written contract with defendant State of New York for the construction of a public improvement at Altona Correctional Facility in Clinton County. Thereafter, Bunkoff Construction contracted with defendant Palcon Industries, Inc., for materials and labor necessary to construct a roadway on the project. Palcon, in turn, entered into an agreement with plaintiff whereby plaintiff would supply Palcon with asphaltic concrete and trucking services. Pursuant to the agreement, plaintiff kept its plant in operation beyond its normal closing time on various dates during the month of November 1983. Plaintiff alleges that Palcon agreed to pay an additional sum for this consideration. Palcon denies this allegation.

Plaintiff obtained a mechanic's lien against Palcon's interest in its contract with Bunkoff Construction for the amount owed for operating the plant, plus interest, and interest on other sums allegedly owing from October 1, 1983 to January 31, 1984. On March 27, 1984, Palcon and defendant Aetna Insurance Company obtained an order discharging plaintiff's lien on the basis of an undertaking executed by Palcon and Aetna. In June 1984, plaintiff commenced an action for judgment on its lien. Palcon and Aetna moved to dismiss the complaint for failure to state a cause of action under the Lien Law. Special Term denied the motion. This appeal by Palcon and Aetna ensued. We reverse.

In order to prevail against the motion to dismiss the complaint for failure to state a cause of action (CPLR 3211 [a] [7]), plaintiff must establish that a valid lien exists on which it may foreclose. Lien Law § 5 provides that one "furnishing materials" to a subcontractor on a public improvement project "shall have a lien for the principal and interest of the value or agreed price of such * * * materials" on the money due to the prime contractor for the project from the State. We have interpreted "furnishing materials" as requiring that the goods provided be expended or used to the extent that they become a part of the construction project (*Matter of P.T. & L. Constr. Co. v Winnick,* 59 AD2d 368, 370). Accordingly, we reject plaintiff's contention that keeping the plant open constituted "furnishing material" under the statute. While the Lien Law provides a statutory remedy and should be liberally construed, we should not enlarge the remedy beyond the scope of the statute (*Tri-City Elec. Co. v People,* 96 AD2d 146, 149, *appeal dismissed* 61 NY2d 833; *see also,* Lien Law § 23). Since an item which is usable again by its owner, such as a

plant and its machinery, is not material furnished for which a lien should arise, we conclude that the operation of the plant beyond its closing date was not a use of the plant which rendered it an inseparable part of the public improvement at Altona Correctional Facility.

Further, an undertaking filed to discharge a lien is not an admission of the lien's validity. We, therefore, conclude that plaintiff did not acquire a lien pursuant to the provisions of Lien Law § 5 in the sum of $7,925 for keeping its plant open beyond the usual closing time, nor for interest on that sum. We reach a similar conclusion with respect to the alleged lien for $3,916.78 representing interest charges on outstanding balances owed plaintiff which are unrelated to amounts due for asphaltic concrete and trucking services. In this connection, we note that plaintiff concedes in paragraph 15 of its complaint that Palcon has paid for all materials and trucking services furnished by plaintiff.

Order reversed, on the law, with costs, motion granted and complaint dismissed as against defendants Palcon Industries, Inc., and Aetna Insurance Company. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.