█ BENINATI ROOFING & SHEET METAL CO., INC., Respondent, v GELCO BUILDERS, INC., et al., Defendants, and HOME INDEMNITY COMPANY, Appellant. [720 NYS2d 37] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered December 14, 1999, which, after a non-jury trial, *inter alia*, entitled plaintiff subcontractor to recover from defendant surety Home Indemnity Company payment under its bond, interest, and attorneys' fees pursuant to State Finance Law § 137, unanimously affirmed, with costs.

Although defendant surety maintains that the services of plaintiff subcontractor to meet the specifications of a change order issued in connection with the underlying construction contract between defendant contractor Gelco and the New York City Transit Authority were not fairly within the contemplation of the parties at the time the original underlying contract was made and, thus, were not services for which it was obligated as surety under its payment bond, it is clear that the change order at issue, involving a relatively small amount of additional work, similar in nature to the work already performed under the contract, was indispensable to the achievement of the contract's essential purpose and was well within the parties' contemplation. We note in addition that defendant surety in its bond expressly agreed that its obligation under its bond "shall be in no way impaired or affected by any extension of time, modification, omission, addition, or change in or of the said Contract or work to be performed thereunder."

Nor can we agree with defendant surety that the change order work at issue was performed outside of the period covered by the payment bond, which by its terms was to remain in force until the date of final project completion. The Transit Authority's certificate of final payment, treated by the parties as the certificate of final project completion, was not issued until after plaintiff subcontractor had rendered its services pursuant to the change order at issue.

Finally, while an unsuccessful defense alone does not suffice as a basis for an award of attorneys' fees under State Finance Law § 137 (4) (c) (*see, Northeast Caissons v Columbus Constr. Corp.*, 268 AD2d 512; *Conesco Indus. v St. Paul Fire & Mar. Ins. Co.*, 210 AD2d 596, *lv denied* 85 NY2d 809), the trial court properly found that defendant surety's arguments were without substantial basis since there was no plausible ground for its claim that the change order in question was not issued pursuant to the covered contract, and given that finding, the award

of attorneys' fees pursuant to State Finance Law § 137 (4) (c) was appropriate. Concur—Nardelli, J. P., Williams, Andrias, Wallach and Lerner, JJ.