Stein, J.
*1530 We affirm. State Finance Law § 137 requires, in relevant part, the posting of a bond to secure payment for, among others, all persons furnishing materials to a subcontractor for use in “the prosecution of a public improvement [project]” (State Finance Law § 137 [1]) and permits such persons to sue on the bond if they are not paid in full for such materials (see State Finance Law § 137 [3]). In support of its summary judgment motion, plaintiff submitted, among other things, the affidavit of its credit manager, Thomas Burke, together with the deposition testimony of defendant Dean V. Robbins III, an officer of Universal, and documentary evidence demonstrating the relationships of the parties to the Malta project. This evidence demonstrated that plaintiff supplied to Universal $46,512 worth of materials to be used for the Malta project, for which plaintiff was never paid. Plaintiff further established that Colonial was liable as surety for such nonpayment. The foregoing was sufficient to satisfy plaintiffs threshold burden of demonstrating its prima facie entitlement to judgment as a matter of law, thus shifting to Colonial the burden of showing the existence of a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Cole v Roberts-Bonville, 99 AD3d 1145, 1146, 1147 [2012]).
In response to plaintiffs motion, Colonial argued that there were issues of fact as to whether all of the materials for which plaintiff sought payment were actually delivered to and used on the project site, as required by State Finance Law § 137 (1). Colonial submitted, among other things, an attorney affirmation and the affidavit of Donald Piel, Plank’s project manager. Piel alleged, as relevant here, that his review of invoices relating to the Malta project revealed that some of the materials supplied by plaintiff had been picked up by Universal, rather than delivered directly to the project site. In addition, based upon Piel’s inspection of the project site, it was evident that some of the materials supplied by plaintiff had not been installed on the Malta project.[1] Contrary to Colonial’s contention, we have never required a supplier to demonstrate that it actually delivered the materials to the project site in order to recover on a bond pursuant to State Finance Law § 137 (see generally Pennex Aluminum Co., a Div. of Metal Exch. Corp. v International Fid. Ins. Co., 818 F Supp 772, 779-780 [1993]). Therefore, Colonial’s *1531 proof that some materials were diverted from the Malta project was insufficient to defeat plaintiffs motion.
However, Colonial now contends — in our view, for the first time — that the burden of showing the existence of material issues of fact never shifted to Colonial in the absence of proof that plaintiff provided the disputed roofing materials to Universal in good faith and that Universal’s alleged diversion of such materials from the project was without plaintiffs knowledge or consent. We agree with plaintiff that, inasmuch as Colonial took the position in Supreme Court that the “diversion exception” did not apply to claims under State Finance Law § 137,[2] plaintiff had no affirmative obligation to prove the elements of that exception, including that it delivered the subject materials to Universal in good faith (see CPLR 3212; see also Matter of P.T. & L. Constr. Co. v Winnick, 59 AD2d 368, 370 [1977]). Therefore, contrary to Colonial’s contention, Supreme Court did not improperly shift the burden to Colonial to demonstrate the absence of good faith on plaintiffs part. Moreover, after searching the record, we concur with Supreme Court’s conclusion that Colonial did not submit sufficient proof to demonstrate the existence of any factual issues which require a trial. Accordingly, Supreme Court correctly granted summary judgment to plaintiff.
We are also unpersuaded that Supreme Court erred in awarding counsel fees to plaintiff. While the fact that Colonial’s defense to the underlying claim was unsuccessful is not enough to warrant an award of counsel fees pursuant to State Finance Law § 137 (4) (c) (see Beninati Roofing & Sheet Metal Co. v Gelco Bldrs., 279 AD2d 412, 412-413 [2001]), Colonial aggressively defended against plaintiffs entire claim, although only a relatively minor portion thereof was actually in dispute. More *1532 over, after arguing to the contrary in Supreme Court, Colonial conceded on appeal that the diversion exception applies to the Public Finance Law. Under all the circumstances, Supreme Court’s determination that plaintiff was entitled to an award of counsel fees was a proper exercise of its discretion. In addition, based upon our review of the record and absent any opposition from Colonial to the amount of the award, we discern no basis to disturb it.
To the extent not specifically addressed herein, Colonial’s remaining contentions have been considered and found to be lacking in merit.
Mercure, J.P., Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

. Piel asserted that the roofing materials picked up by Universal from plaintiff as set forth on three separate invoices totaling approximately $7,500 were “neither delivered to the [pjroject site, nor used or stored” thereon. He also averred that some of the materials listed on a fourth invoice were not used in connection with the Malta project, although they were delivered to the project site.

. The diversion exception is a doctrine created under the Lien Law, which establishes an exception to the general rule that a material supplier’s entitlement to a lien requires “that the goods provided [to a subcontractor] be expended or used [so] that they become a part of the construction project” (Plattsburgh Quarries v Falcon Indus., 111 AD2d 1069, 1070 [1985]; see Giant Portland Cement Co. v State of New York, 232 NY 395, 403-406 [1922]; Matter of P.T. & L. Constr. Co. v Winnick, 59 AD2d 368, 369-370 [1977]) and permits such a lien in cases where the materials are diverted from the project without the supplier’s knowledge or consent after the supplier provided the materials in good faith and the supplier no longer had control thereof (see Giant Portland Cement Co. v State of New York, 232 NY at 403; Matter of P.T. & L. Constr. Co. v Winnick, 59 AD2d at 370). While no appellate court in New York has addressed whether the diversion exception applies to bond claims made pursuant to State Finance Law § 137, plaintiff asserts on appeal, and Colonial now concedes, that such application is proper. In view of our determination herein, we need not address the merits of that assertion.