ERNEST CALLIPARI, Plaintiff, *v.* 516 EAST 11TH STREET CORPORA-
TION, Defendant.

Supreme Court, Special Term, New York County, December 18, 1937.

*H. M. & S. Solomon*, for the plaintiff.

*Adolph Sonnenthal*, for the owner and contractor.

BLACK, J. Motion to compel the lienor to comply with section 38 of the Lien Law. A request for a statement in writing under the statute has been demanded. The lienor has delivered such statement, which the owner claims is insufficient. The statement as delivered has been returned to the attorneys for the lienor as insufficient. A further demand in writing was made that the lienor furnish a further statement. It appears that five days have elapsed since the demand for a further statement, which demand has not been complied with. The statute requires a verified statement.

The statute provides: " A lienor who has filed a notice of lien shall, on demand in writing, deliver to the owner or contractor making such demand a statement in writing which shall set forth the *items* of labor and/or material and the value thereof which make up the amount for which he claims a lien, and which shall also set forth the terms of the contract under which such *items* were furnished." (Italics mine.) " If the lienor shall fail to comply with such demand within five days after the same shall have been made * * * or if the lienor delivers an insufficient statement, the person aggrieved may petition the Supreme Court * * * for an order directing the lienor within a time specified in the order to deliver to the petitioner the statement required by this section. * * * The court * * * upon being satisfied that the lienor has failed, neglected or refused to comply with the requirements of this section shall have an appropriate order directing such

compliance. In case the lienor fails to comply with the order so made within the time specified, then upon five days' notice to the lienor, * * * the court * * * may make an order cancelling the lien."

The owner makes this application in which he requests a " bill of particulars." The statute requires a statement to the extent indicated, which is in effect a particularization or amplification of the claim of the lienor. The statement furnished does not comply with the statute for the reason that the items specified in the statute would require the lienor to indicate the value or the approximate value of the items used. This criticism likewise applies to the labor. The lienor has bulked the items of material in the sum of $1,015.25 and labor $2,169.75. This information is contained in the lien filed. It was intended by the statute that there be an itemization of the claim so that the owner or contractor might check against the claim of the lienor. The lienor is required, therefore, to serve a verified statement of the items of materials and of labor and to place a value upon such items of material and labor as were used or were necessary on the job. (*Ambrosio* v. *Shick*, 229 App. Div. 738.) If the lienor fails to comply with the order within the time to be fixed in the order, the owner shall be entitled to an order canceling the lien. Settle order on notice.