Edward G. Baker, J.
Motion for order directing lienor to file further itemized statement under section 38 of the Lien Law. It appears that the work was performed and the materials furnished pursuant to a contract which provided for a fixed price for the entire job. The work has been completed and the contractor has filed a lien for materials and labor furnished at the agreed price. This is permissible under sections 3 and 9 of the Lien Law pursuant to which a lien may be filed either for the value or the agreed price (Fyfe v. Sound Development Co., 235 N. Y. 266, 269).
It seems to this court that section 38 of the Lien Law requires an itemization of materials and labor only in a case where the lien is based on quantum meruit. Where the work has been completed, and the contract was for an agreed price, nothing would be accomplished by requiring the lienor to furnish an itemization of materials furnished and labor performed in performance of the contract. In such a case an itemization would not accomplish the purpose of the section as stated in Callipari v. 516 East 11th St. Corp. (166 Misc. 79, 80): “It was intended by the statute that there be an itemization of the claim so that the owner or contractor might check against the claim of the lienor.” Where, however, there is no agreed price, or the work on a contract for an agreed price is not completed for whatever reason, a lien may be filed only for the value of the materials furnished and labor performed (Lien Law, § 3). In such a case, the itemized statement under section 38 of the Lien Law serves a purpose, namely, to apprise the owner or contractor of the detail of the lienor’s claim, and of the basis for the statement of value as set forth in the lien.
The court has been referred to no authority which holds otherwise. In the case of Matter of Sperry (Millar) (254 App. Div. 819), cited by petitioner, the record on appeal shows that the lienor claimed under a contract for cost plus a reasonable percentage, which was, in effect, a claim in quantum meruit. The case of Callipari v. 516 East 11th St. Corp. (166 Misc. 79, supra) cites Matter of Ambrosio v. Schick (229 App. Div. 738) wherein the record on appeal shows (1) the written contract was abandoned because the plans for the structure were materially altered before commencement of work, (2) the work was on the basis of reasonable price therefor, which is quantum meruit, and (3) in any event, work under the contract was not performed to the point where any agreed price was due. In the case of *623 Schenectady Homes Corp. v. Greenside Painting Corp. (37 N, Y. S. 2d 53) it appears that the contract provided for an agreed price but the work was not complete. As pointed out above, in such a situation a lien is authorized only for the “ value ” of the material furnished and labor performed.
Motion denied.