In the Matter of OSIE PACK, Petitioner, v. CHARLES L. PATTERSON et al., Constituting the New York City Transit Authority, Respondents.— Proceeding under article 78 of the Civil Practice Act, to review and to annul or modify the determination of the New York City Transit Authority, made after a hearing, dismissing petitioner from his position of railway clerk. By order of the Supreme Court, Kings County, dated December 23, 1960, made pursuant to section 1296 of the Civil Practice Act, the proceeding was transferred to this court for disposition. Determination confirmed, without costs. No opinion. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

In the Matter of CHARLES E. PINCKNEY et al., Respondents, v. OCEAN HOME ENTERPRISES, INC., Appellant.— In a proceeding under the Lien Law, the lienor, Ocean Home Enterprises, Inc., being the builder, appeals from an order of the Supreme Court, Suffolk County, dated November 1, 1960, granting the application of petitioners, the owners of a dwelling, and canceling the two liens filed by the lienor, on the ground that a statement served by it pursuant to section 38 of the Lien Law did not contain sufficient itemization of the amount which it claimed. Order modified on the law and the facts: (1) by striking out the first two ordering paragraphs directing the unconditional cancellation of the two liens filed by the lienor, one on April 7, 1960 in the sum of $4,100, and one on May 23, 1960 in the sum of $4,944; and (2) by substituting therefor a paragraph directing that said two liens be cancelled unless the lienor shall serve upon the owners a properly itemized statement as indicated herein. As so modified, the order is affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. The itemized statement shall be served within 10 days after service of a copy of the order to be entered hereon. The contract as amended called for payment of $10,000. Itemization of the labor and materials which entered into the completion of such contract is unnecessary in the light of the lienor's claim that that contract has been completed. Irrespective of such itemization, if the contract has been completed the lienor is entitled to the balance, if any, which remains unpaid. As to the claimed extras, however, there is manifest insufficient itemization. The statement should clearly show the difference between the contract work and that of the extras, with itemization of the labor and material comprising the extras. Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

MADELINE MALAVARCO, as Administratrix of the Estate of SAM MALAVARCO, Deceased, Appellant, v. VILLAGE OF DOBBS FERRY, Respondent, et al., Defendant.— In an action to recover damages for conscious pain and suffering and for wrongful death, plaintiff appeals from a judgment of the Supreme Court, Westchester County, entered April 30, 1959, after a jury trial, dismissing the complaint on the merits as to defendant village, upon its motion. The basis for the dismissal was that the remedy under the Workmen's Compensation Law is the exclusive remedy. Judgment affirmed, without costs. No opinion. Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.