Henry A. Hudson, J.
On April 10,1961, before Justice John H. Farnham, a motion was made in the above-entitled action by the owner to compel the lienor to provide the itemized state *317 ment authorized by section 38 of the Lien Law. Justice Farnham granted the motion and directed that such statement be delivered by the lienor to the owner within the customary time limit. The lienor has furnished a statement pursuant to such direction and the instant motion is made for the purpose of compelling the lienor to make such itemized statement more definite and specific.
Upon the argument of the motion, the court examined the itemized statement furnished and advised counsel that in his opinion it was insufficient either to comply with Justice Faun-ham’s order or the provisions of section 38 of the Lien Law. Upon the request of the lienor’s attorney, the court granted 10 days within which a brief could be submitted to substantiate the lienor’s position that the statement was sufficient.
The court has gone over the lienor’s memorandum. The first point made is that no statement is necessary. This, it seems to me, was covered by the decision of Justice Farnham, who directed that the statement be filed and consequently determined that the statement was necessary. I do not feel that this point can be argued on this motion, as the lienor’s relief would have been by appeal if his contention were correct. The lienor further contends that the statement furnished complies with section 38.
The statement which was supplied by the lienor and examined by the court consists of copies of invoices which the lienor asserts include all items of materials furnished. As the court indicated on the argument of the motion, this form of statement is not adequate for the reason that, in my opinion, the owner should not be required to make out a statement from a large number of itemized bills. If the lienor desired to attach the itemized statements of account to support the statement which he presented, I believe that such a statement would be proper but the responsibility of furnishing the statement itself is placed upon the lienor under section 38 and the lienor was specifically directed to furnish such a statement by Justice Farnham. The statement of labor furnished by the lienor was merely a lump-sum statement of money representing the labor furnished for which the lien was filed. It is, in my opinion, exactly the same type of a statement of labor furnished which the court held in Callipari v. 516 East 11th St. Corp. (166 Misc. 79) was an insufficient statement of labor furnished. This case was cited by the lienor, who sought to distinguish it from the present case. I believe it is authority for the proposition that the statement furnished by the lienor pursuant to Justice Farnham’s order is insufficient and inadequate to comply with *318 section 38 of the Lien Law. I believe that Matter of Sperry (Millar) (254 App. Div. 819), is also authority for the granting of the owner’s motion.
An order may be submitted providing that unless a further statement is served upon the owner in accordance with this decision and in accordance with the decision of Justice Farnham, within 15 days from the service of a copy of such order upon the lienor’s attorney, that an order may be presented vacating and canceling such mechanic’s lien.