◼ In the Matter of Sheldon H. Solow et al., Respondents, v Bethlehem Steel Corporation, Appellant.—Judgment (denominated an order) of the Supreme Court, New York County, entered April 28, 1977, which granted petitioners' motion for a statement by the lienor under section 38 of the Lien Law, unanimously modified, on the law and on the facts, to require lienor to supply, solely to petitioner Solow Development Corporation, an itemization only of those extras still at issue, totaling $26,531.71, the balance remaining in dispute, and otherwise affirmed, without costs and without disbursements. Section 38 of the Lien Law does not establish an absolute right to a detailed statement from a lienor as to all the items of labor and/or material and the value thereof for which he claims a lien but does require a statement from a lienor as to items in dispute (see *Matter of 819 Sixth Ave. Corp. v T. & A. Assoc.,* 24 AD2d 446). Although the contract does not contain any agreed contract price, but rather states a formula for determining such price, nevertheless it appears from the deposition of Arthur Geller, an employee of petitioner Solow Development Corporation, that said petitioner admits the agreed price and reasonable value of the work performed under the contract is $8,831,060.66, the sum claimed by lienor therefor. In the circumstances, a statement of the details thereof is not required *(Matter of 819 Sixth Ave. Corp. v T. & A. Assoc., supra;* see *Matter of Borysko [Kabor Constr. Corp.],* 2 Misc 2d 621). The only sum remaining in dispute is the difference between the lienor's claim for extras ($203,289.09) and said petitioner's acknowledgment of extras ($176,757.38). A statement of the details of said difference ($26,531.71) is required. (See *Matter of 819 Sixth Ave. Corp. v T. & A. Assoc., supra;* see, also, *Matter of*

*Pinckney v Ocean Home Enterprises,* 13 AD2d 806.) According to the notice of lien, said petitioner's total obligation is $9,034,349.75. This consists of lienor's claim of $8,831,060.66 for work performed under the contract and its claim of $203,289.09 for extras. As the total paid by said petitioner (admitted in the afore-mentioned deposition of its employee) is $7,910,050.40, the balance due by lienor's reckoning is $1,124,299.35, the sum stated in the notice of lien as the amount unpaid. Petitioner admits the agreed price and reasonable value of the work performed under the contract is $8,831,060.66, and concedes the sum of $176,757.38, for extras it approved, for a total sum of $9,007,818.04. Subtracting $9,007,818.04 from $9,034,349.75, the sum lienor claims in the notice of lien as petitioner's total obligation, leaves $26,531.71 as the balance remaining in dispute, for extras still at issue, to be itemized. We reject petitioners' argument that Sheldon H. Solow as an individual and owner of the premises in question is entitled to a section 38 statement in his own right because he was not personally a party to the contract. The record establishes that Diesel, in contracting with lienor, was an authorized agent acting on behalf of Solow Development Corporation and that the petition asserts that Solow Development Corporation was "the general contractor and/or agent of Sheldon H. Solow." In contracting with lienor, Diesel was thus acting as an agent of Sheldon H. Solow himself. In either case, Sheldon H. Solow must be bound by the *intra vires* acts of Diesel (see 2 NY Jur, Agency, § 153). Concur—Birns, J. P., Evans, Lane and Markewich, JJ.