■ F. J. C. CAVO CONSTRUCTION, INC., et al., Respondents, v JOAN M. ROBINSON et al., Appellants, et al., Defendant. — Order unanimously affirmed, with costs. Memorandum: This case was commenced by the service of a summons and complaint alleging breach of an express contract. Plaintiff builders were engaged by defendants to construct a single-family residence in accordance with agreed-upon plans. During the course of the work substantial changes were incorporated and the cost of construction increased by about 50%. Eventually, disputes arose over the workmanship and the timeliness of installment payments. Plaintiffs, seeking to increase their security, filed a mechanic's lien for approximately $41,000 and then commenced this action. Defendants answered and also demanded an itemized statement of lien claim pursuant to section 38 of the Lien Law. When plaintiffs refused to comply with the demand, defendants moved for an order directing plaintiffs "to produce all receipts, pages, books and records concerning the construction of the dwelling of Joan M. Robinson and be examined on same, and, further, that the mechanics' liens dated November 7, 1979 and November 29, 1979 be cancelled as of record or in the alternative, an Order be entered directing the above named lienor to furnish an itemized statement as previously demanded". Special Term denied the motion, but instructed plaintiffs to produce records pertaining to any claim based not on "contractual agreement but under quantum meruit." Defendants raise two points on appeal. They claim, first, a broad right to examine plaintiffs' records and, second, an absolute entitlement to an itemized statement of lien. Since this is a breach of express contract action in which the issue is performance of the contract and not the cost of materials, defendants are not entitled to the sweeping order of discovery that they sought. Neither do they have an absolute right to an itemized statement of lien. Although the language of section 38 of the Lien Law appears to confer an unrestricted right to an itemization of labor and materials, such is not the case (see Marks, Jensen on the Mechanics' Lien Law, 1980 Cum Supp, § 240, p 126). The purpose of the itemization is to apprise the owner of the details of the lienor's claim (37 NY Jur, Mechanics' Liens, § 66, pp 184-185). Here the claim is based on an express contract for a specific sum. The complaint contains the contract which itself details the cost of material and labor. It would serve no purpose to require the plaintiffs to serve a redundant itemization. (Appeal from order of Oneida Supreme Court — mechanic's lien.) Present — Cardamone, J.P., Doerr, Denman, Moule and Schnepp, JJ.