OPINION OF THE COURT
Loren N. Brown, J.
By notice of petition, dated January 14, 1986, and supporting papers, Mohawk Post No. 1450, Inc. (Mohawk) moves for an order directing the lienor to furnish an itemized statement of the lien as provided for in Lien Law § 38. The motion is opposed on the grounds that the statement demanded need only be supplied as to items in dispute (Matter of Solow v Bethelehem Steel Corp., 60 AD2d 826), and that because there is no question as to what items and materials were supplied to Mohawk, there is no right to such a statement. The lienor also opposes that part of the demand which seeks the name of the individual or individuals with whom any contract was made on the grounds that it is not discoverable under Lien Law §38.
The court finds, based upon the papers submitted, that Mohawk is entitled to full itemized statements of the following requested information:
1. The items of material and the value thereof which make up the amount claimed in the lien.
2. The items of the contract under which such items were furnished.
*255 The holding in Solow (supra) does not limit Mohawk’s rights to a full statement in this action. In Solow, the corporate obligor, through an employee, had admitted the agreed price and reasonable value of the work performed. The court found that there was no need to furnish a statement as to the undisputed items. In the instant action, though Mohawk has not replied to the recent demands for payment from the lienor, Mohawk has not made the same kind of admission as occurred in Solow. Understandably, only the lienor has alleged that there is no dispute as to the items demanded.
Finally, because the request for the name of the individual or individuals with whom any agreement was made is not an appropriate matter for an itemized statement, that aspect of the petition is denied.
Accordingly, the petition is, in part, granted, and, in part, denied.