■ In the Matter of BURDICK ASSOCIATES OWNERS CORP., Respondent; KARLAN CONSTRUCTION CORP., Appellant.—In a proceeding pursuant to Lien Law § 38 to cancel four notices of mechanic's liens, Karlan Construction Corp. (hereinafter Karlan) appeals from a judgment of the Supreme Court, Kings County (Lodato, J.), dated December 11, 1986, which canceled the notice of mechanic's lien dated October 8, 1985, in the amount of $420,000. The appeal brings up for review so much of an order of the same court, dated August 29, 1986, as granted the petitioner's application to cancel the notice of mechanic's lien dated October 8, 1985, pursuant to Lien Law § 38 unless Karlan provided, within 60 days, a verified, itemized statement of labor and material upon which the notices were based.

Ordered that the judgment is affirmed, with costs.

Karlan (the lienor) contracted with the petitioner Burdick Associates Owners Corporation (the owner) to renovate a building on Pierrepont Street in Brooklyn for a price of $485,000. For reasons which are not fully set forth in this record, the lienor stopped work on the project before the renovation was completed. The lienor filed four notices of mechanic's liens for payments allegedly due under the contract. The fourth lien, dated October 8, 1985, in the amount of $420,000 is the only one at issue on this appeal.

We conclude that the court did not err when, by order dated August 29, 1986, pursuant to Lien Law § 38, it conditionally granted the owner's application to cancel the notice of lien dated October 8, 1985, in the amount of $420,000, unless the lienor provided an itemized statement of the labor and material costs underlying the notice of lien. Since the work on the project was not completed when this notice of lien was filed, and the nature and cost of the work performed under the contract were in dispute, the itemized statement was necessary to enable the owner to check the lienor's claim *(cf., Matter of Solow v Bethlehem Steel Corp.,* 60 AD2d 826, *appeal dismissed* 46 NY2d 836; *Matter of 819 Sixth Ave. Corp. v T. & A. Assocs.,* 24 AD2d 446).

In response to the court's conditional order, the lienor submitted only those documents previously found to be inadequate, together with a breakdown of costs that related to only part of the amount of the lien. Under these circumstances, the court properly canceled the notice of lien dated October 8, 1985. Lawrence, J. P., Weinstein, Rubin and Kooper, JJ., concur.