■ In the Matter of JOHN DEPALO et al., Respondents, v JOHN MCNAMARA, Appellant.—In a proceeding pursuant to Lien Law § 38, *inter alia,* to cancel a mechanic's lien, the respondent appeals from an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered January 6, 1987, which granted the application and canceled the lien.

Ordered that the order is affirmed, with costs.

On June 13, 1986, the appellant filed a mechanic's lien in the Westchester County Clerk's office in the sum of $141,095. The petitioners thereafter requested the appellant to furnish an itemized statement, pursuant to Lien Law § 38. On or about August 28, 1986, the appellant served a statement in response to the petitioners' demand.

Thereafter, the petitioners, by petition dated September 23, 1986, commenced this proceeding pursuant to Lien Law § 38, seeking, initially, to compel the appellant to submit a further itemized statement on the ground that the statement of August 28, 1986 was insufficient.

By order dated November 12, 1986, the Supreme Court, Westchester County (Dachenhausen, J.), directed the appellant to deliver to the petitioners' attorney "a proper and complete itemized statement of the items of labor and/or material, and values thereof, making up the stated lien and terms of the contract as required by Section 38 of the Lien Law of the State of New York".

The appellant thereafter submitted to the petitioners un-signed and unverified handwritten notes which indicated the square footage of each room in the petitioners' house and listed the various tasks to be done in each room without any indication whether the work had been completed. In addition, the appellant resubmitted his statement of August 28, 1986, which had indicated, *inter alia,* that the appellant alleged that he was to be paid $80 per square foot for the work; and that the amount due him included $13,035 for "extras".

Consequently, upon the petitioners' further motion, the court, by order dated January 6, 1987, canceled the lien, as provided for in Lien Law § 38.

We find no merit to the appellant's claim that his resubmission of his statement of August 28, 1986, and his handwritten notes, constituted compliance with the order of November 12, 1986. Since the work on the project was incomplete at the time the notice of lien was filed and both the nature and the cost of the work performed under the contract were in dispute, the petitioners were entitled, upon their demand, to an

appropriate itemized statement to enable them to check the appellant's claim *(see, Matter of Burdick Assocs. Owners Corp. [Karlan Constr. Corp.],* 131 AD2d 672; *Matter of Sperry [Millar],* 254 App Div 819). In addition, the appellant was required to furnish a detailed itemized statement as to the disputed claim for extra work *(see, Matter of Solow v Bethlehem Steel Corp.,* 60 AD2d 826, 827, *mot to dismiss appeal granted* 46 NY2d 836; *Matter of 819 Sixth Ave. Corp. v T. & A. Assocs.,* 24 AD2d 446). The documents submitted by the appellant herein contained no details as to the terms of the parties' purported oral contract, the items and cost of labor, or the items and cost of materials. Accordingly, the court properly canceled the appellant's lien pursuant to Lien Law § 38. Bracken, J. P., Lawrence, Rubin and Kooper, JJ., concur.