■ In the Matter of BK Venture Corp., Respondent. Harrison Summerfield Associates, LP, Appellant. [776 NYS2d 854]—

In a proceeding pursuant to Lien Law § 38, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Lefkowitz, J.), entered December 10, 2002, which granted the motion of BK Venture Corp. to deny the petition, and dismissed the proceeding.

Ordered that the order and judgment is reversed, on the law and as a matter of discretion, with costs, the motion is denied, the petition is reinstated, and the petition is granted to the extent that the respondent is directed to serve upon the petitioner, within 90 days after the service upon it of a copy of

this decision and order, a statement in writing setting forth the items of labor and/or material and the value thereof which make up the amount for which it claims a lien and otherwise complying with Lien Law § 38.

Lien Law § 38 does not require any demonstration of need on the part of a property owner as a condition precedent to the lienor's statutory obligation to deliver "a statement in writing which shall set forth the items of labor and/or material and the value thereof which make up the amount for which he claims a lien." Nor may this statutory obligation be obviated upon proof that the information requested might be available to the property owner from some other source. Thus, we do not agree with the Supreme Court that the respondent, the assignee of the mechanic's lien filed in this case, may avoid its duty to furnish a statement in compliance with the statute. The petition should have been granted to the extent of directing the respondent to comply with the terms of the statute by furnishing a sufficiently detailed statement (*see Matter of Burdick Assoc. Owners Corp.,* 131 AD2d 672 [1987]).

Although cancellation of the lien might ultimately be warranted if the respondent should prove unable or unwilling to furnish the statement required (*see Matter of DePalo v McNamara,* 139 AD2d 646 [1988]), we do not agree with the petitioner that cancellation of the lien is warranted at this point. We also do not agree with the respondent's contention that the petitioner is collaterally estopped from challenging the sufficiency of the statement that it has already furnished. Prudenti, P.J., Ritter, Luciano and Crane, JJ., concur.