■ ASSOCIATED BUILDING SERVICES, INC., Respondent, v PENTECOSTAL FAITH CHURCH et al., Appellants, et al., Defendants. (And Another Related Action.) [976 NYS2d 699]—

Spain, J. Appeal from that part of an order of the Supreme Court (Schick, J.), entered May 1, 2013 in Sullivan County, which denied a cross motion by defendants Pentecostal Faith Church and Bethel Sunshine Camp of the Catskill Mountains, Inc. to compel an itemized statement by plaintiff.

Defendant Pentecostal Faith Church is the owner of real property in the Town of Thompson, Sullivan County upon which defendant Bethel Sunshine Camp of the Catskill Mountains, Inc. operates a business. In November 2011, Bethel Sunshine Camp contracted with plaintiff to erect two buildings upon the property. A great deal of buried garbage and debris was uncovered during construction and, in 2012, Bethel Sunshine Camp allegedly entered into a second contract with plaintiff for the removal of the debris and replacement with clean fill. Plaintiff then subcontracted with another entity, Deckelman, LLC, for various debris removal services.

When, according to plaintiff, Bethel Sunshine Camp failed to make certain payments under both the construction and debris removal contracts, plaintiff filed a mechanic's lien against the property for $364,799.68 in July 2012. Deckelman sued plaintiff in October 2012, seeking to recover for its unpaid work. Plaintiff commenced a separate action shortly thereafter and, among other things, asserted breach of contract claims stemming from the two contracts and sought to foreclose upon its mechanic's lien.

Pentecostal Faith Church, as the property's owner, demanded that plaintiff produce an itemized statement detailing the work and materials that formed the basis for its mechanic's lien in October 2012 (*see* Lien Law § 38). Plaintiff provided a copy of its soon to be filed verified complaint in response, asserting that the complaint adequately "set forth the items of labor and/or material and the value thereof" that formed the basis for the

mechanic's lien (Lien Law § 38). No objection was initially made to that response until Pentecostal Faith Church again demanded an itemized statement in January 2013. Plaintiff served the same response, which Pentecostal Faith Church rejected as inadequate.

The parties filed various motions including, as is relevant here, one by Pentecostal Faith Church and Bethel Sunshine Camp (hereinafter collectively referred to as defendants) to compel plaintiff to serve an itemized statement or for cancellation of the mechanic's lien. Supreme Court issued a decision that, among other things, denied defendants' motion without prejudice to renewal if plaintiff failed to produce the requisite information during discovery in the pending action. Defendants now appeal.

While we do not agree with plaintiff's assertion that defendants are barred "from challenging the sufficiency of the statement that it ha[d] already furnished," we nevertheless find that Supreme Court properly denied defendants' motion (*Matter of BK Venture Corp.*, 7 AD3d 793, 794 [2004]). Lien Law § 38 states that a lienor "shall, on demand in writing, deliver to the owner or contractor making such demand a statement in writing which shall set forth the items of labor and/or material and the value thereof which make up the amount for which he [or she] claims a lien, and which shall also set forth the terms of the contract under which such items were furnished." While that language "appears to confer an unrestricted right to an itemization of labor and materials, such is not the case" (*F.J.C. Cavo Constr. v Robinson*, 81 AD2d 1005, 1005 [1981]). Itemization is instead required only when it is necessary "to apprise the owner of the details of the lienor's claim" (*id.*; *see Matter of Solow v Bethlehem Steel Corp.*, 60 AD2d 826, 826 [1978], *appeal dismissed* 46 NY2d 836 [1978]; *cf. Matter of Burdick Assoc. Owners Corp. [Karlan Constr. Corp.]*, 131 AD2d 672, 672 [1987]).

Turning to the case at hand, plaintiff asserts that it performed the 2011 construction contract in full, and its claim with regard to that contract "is based on an express contract for a specific sum" (*F.J.C. Cavo Constr. v Robinson*, 81 AD2d at 1005; *see Matter of 819 Sixth Ave. Corp. v T. & A. Assoc.*, 24 AD2d 446, 446 [1965]). Defendants do not dispute that they were fully aware of the terms of that contract and, indeed, they attached a copy of the written contract to their answer. With regard to the 2012 debris removal agreement, the complaint sets forth agreed-upon rates for the work and asserts that Bethel Sunshine Camp was routinely provided with invoices detailing the work that plaintiff had completed. While defendants in their answer denied

having received such invoices, they notably failed to make that assertion in their motion to compel plaintiff to produce a more detailed itemized statement. In our view, plaintiff has sufficiently detailed the basis for its mechanic's lien, and any further itemization would be "superfluous" within the context of these pending actions (*Strongback Corp. v N.E.D. Cambridge Ave. Dev. Corp.*, 25 AD3d 392, 393 [2006]; cf. *Matter of DePalo v McNamara*, 139 AD2d 646, 646-647 [1988]). Plaintiff "bears the burden of establishing its entitlement to payment" in these actions and, thus, defendants' contentions that plaintiff breached the 2011 agreement and exaggerated the amount of its mechanic's lien may be fully explored through the regular discovery process (*Strongback Corp. v N.E.D. Cambridge Ave. Dev. Corp.*, 25 AD3d at 393).

Rose, J.P., Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.