Matter of Plain Ave. Stor., LLC v BRT Mgt., LLC (2018 NY Slip Op 07312)





Matter of Plain Ave. Stor., LLC v BRT Mgt., LLC


2018 NY Slip Op 07312


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-09324
2017-09325
 (Index No. 68412/16)

[*1]In the Matter of Plain Avenue Storage, LLC, respondent, 
v
BRT Management, LLC, appellant.


Bleakley Platt & Schmidt, LLP, White Plains, NY (William H. Mulligan, Jr., of counsel), for appellant.
Zetlin & De Chiara LLP, New York, NY (Carol J. Patterson and Elissa Rossi of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Lien Law § 38 to compel BRT Management, LLC, to provide a revised itemized statement relating to a mechanic's lien, BRT Management, LLC, appeals from (1) a decision of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated July 26, 2017, and (2) an order of the same court also dated July 26, 2017. The order, upon the decision, in effect, granted the motion of Plain Avenue Storage, LLC, to cancel the mechanic's lien upon the failure of BRT Management, LLC, to provide a sufficient revised itemized statement.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510); and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
In January 2016, the petitioner, Plain Avenue Storage, LLC (hereinafter Plain Avenue), as owner, and the appellant, BRT Management, LLC (hereinafter BRT), as the Design-Builder, entered into a written contract for the design and construction of a storage facility located in New Rochelle. On or about September 23, 2016, BRT filed a notice of mechanic's lien against the subject property. Plain Avenue served a demand for an itemized statement setting forth the items of labor and/or material and the value thereof which make up the amount for which BRT claimed the mechanic's lien. In response, BRT served an itemized statement. Thereafter, Plain Avenue commenced this proceeding pursuant to Lien Law § 38 to compel BRT to provide a revised itemized statement on the ground that the itemized statement previously served failed to comply with the requirements of the Lien Law.
In March 2017, BRT filed a revised itemized statement. Plain Avenue then moved to cancel the mechanic's lien on the ground that the revised itemized statement failed to provide the information required by Lien Law § 38. In an order dated July 26, 2017, upon a decision, the Supreme Court, in effect, granted Plain Avenue's motion to cancel the mechanic's lien. BRT [*2]appeals.
Lien Law § 38 provides, in relevant part, that "[a] lienor who has filed a notice of lien shall, on demand in writing, deliver to the owner or contractor making such demand a statement in writing which shall set forth the items of labor and/or material and the value thereof which make up the amount for which he claims a lien, and which shall also set forth the terms of the contract under which such items were furnished."
Inasmuch as the work on the project was not completed when the notice of lien was filed and the nature and cost of the work performed under the contract were in dispute, an itemized statement was necessary to enable Plain Avenue to check BRT's claim (see Matter of Burdick Assoc. Owners Corp. [Karlan Constr. Corp.], 131 AD2d 672; cf. Associated Bldg. Servs., Inc. v Pentecostal Faith Church, 112 AD3d 1130, 1131). The revised itemized statement provided by BRT failed to comply with the requirements of Lien Law § 38. The revised itemized statement, among other things, failed to sufficiently set forth "the items and cost of labor, or the items and cost of materials" (Matter of DePalo v McNamara, 139 AD2d 646, 647; see Matter of 819 Sixth Ave. Corp. v T. & A. Assoc., 24 AD2d 446). Accordingly, we agree with the Supreme Court's determination to, in effect, grant Plain Avenue's motion to cancel the mechanic's lien (see Matter of DePalo v McNamara, 139 AD2d at 647; Matter of Burdick Assoc. Owners Corp. [Karlan Constr. Corp.], 131 AD2d at 672).
AUSTIN, J.P., ROMAN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court