| |
|---|
| **Tishman Constr. Corp. of N.Y. v Five Star Electric Corp.** |
| 2024 NY Slip Op 31208(U) |
| April 9, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152637/2023 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------------X

TISHMAN CONSTRUCTION CORPORATION OF NEW YORK,

|  |  |  |
|---|---|---|
| **INDEX NO.** | 152637/2023 |
| **MOTION DATE** | |
| **MOTION SEQ. NO.** | 001 |

Petitioner,

- v -

FIVE STAR ELECTRIC CORPORATION,

Respondent.

**DECISION + ORDER ON MOTION**

-----------------------------------------------------------------------------------X

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26

were read on this motion to/for     DISCHARGE/CANCEL MECHANICS LIEN     .

Upon the foregoing documents, it is

In motion 001, petitioner Tishman Construction Corporation of New York seeks:

"pursuant to Section 38 of the Lien Law of the State of New York, directing Respondent to furnish within five (5) business days of the date of such Order, a further response to Petitioner's Demand for an Itemized Statement of Lien for the Mechanic's Lien in the amount of $2,945,905.28 filed on October 1, 2018, against the real property known and described as One West End Avenue, New York, New York, ...; (ii) directing that, if no such response is provided or the further response still fails to meet the requirements of Section 38 of the Lien Law, Respondent's aforesaid Mechanic's Lien will be vacated, canceled, and set aside with prejudice." (NYSCEF 13, OSC.)

This special proceeding is related to the action *Sefina Industries Limited v*

*Tishman Construction Corporation of New York*, et al (Index No. 160375/2018) arising

from a $333 million construction project known as Riverside Building No. 5.

Respondent Five Star's contract was for $42,579,228.00.  (NYSCEF 4, Itemized

**152637/2023   TISHMAN CONSTRUCTION CORPORATION OF NEW YORK vs. FIVE STAR ELECTRIC CORPORATION**
**Motion No.  001**

**Page 1 of 5**

1 of 5

Statement at 3/137[1].) Tishman paid $34,922,259.97 leaving a balance of $7,656,968.03. (*Id.*)

On Oct 1, 2018, Five Star filed a lien for $2,945,905.28. (*Id.* at 2.)

On Feb. 3, 2023, Tishman served a demand for an itemized statement of the Lien pursuant to Lien Law 38. (NYSCEF 1, Petition at ¶ 6.)[2]

On Feb. 15, 2023, Five Star provided an itemized statement which Tishman challenges here. (NYSCEF 4)[3]

Lien Law 38 provides:

"A lienor who has filed a notice of lien shall, on demand in writing, deliver to the owner or contractor making such demand a statement in writing which shall set forth the items of labor and/or material and the value thereof which make up the amount for which he claims a lien, and which shall also set forth the terms of the contract under which such items were furnished. The statement shall be verified by the lienor or his agent in the form required for the verification of notices in section nine of this chapter. If the lienor shall fail to comply with such a demand within five days after the same shall have been made by the owner or contractor, or if the lienor delivers an insufficient statement, the person aggrieved may petition the supreme court of this state or any justice thereof, or the county court of the county where the premises are situated, or the county judge of such county for an order directing the lienor within a time specified in the order to deliver to the petitioner the statement required by this section. Two days' notice in writing of such application shall be served upon the lienor. Such service shall be made in the manner provided by law for the personal service of a summons. The court or a justice or judge thereof shall hear the parties and upon being satisfied that the lienor has failed, neglected or refused to comply with the requirements of this section shall have an appropriate order directing such compliance. In case the lienor fails to comply with the order so made within the time specified, then upon five days' notice to the lienor, served in the manner

---

[1] The court is referring to the PDF page numbers for NYSCEF 4 as the document does not have uniform page numbering.

[2] Exhibit B to the petition is missing the first 4 pages of the demand and thus, effectively, there is no demand before the court.

[3] Exhibit B to the Petition is impossible to read electronically as the pages are either upside down or sideways demonstrating Tishman's continuing disrespect for this court.

**152637/2023   TISHMAN CONSTRUCTION CORPORATION OF NEW YORK vs. FIVE STAR ELECTRIC CORPORATION**                    **Page 2 of 5**
**Motion No.  001**

[* 2]

provided by law for the personal service of a summons, the court or a justice or judge thereof may make an order canceling the lien." (Lien Law § 38.)

Under Lien Law §38, Five Star, must show the calculation for the lien amount including labor and materials giving rise to the amount of the lien specified for change orders. "The bare specification of a certain sum for labor and another sum for material listed under a general description of the work performed will not suffice. Since the statute intended an itemization of the materials and the work to enable the petitioner to check the claim, the statement served by the lienor should set forth the description, quantity and costs of various kinds of materials and the details as to the nature of labor, time spent and hourly or other rate of the labor charges." (*819 Sixth Ave. Corp. v T. & A. Assoc., Inc.*, 24 AD2d 446 [1st Dept 1965].) "The statement should clearly show the difference between the contract work and that of the extras, with itemization of the labor and material comprising the extras." (*Matter of Pinckney v Ocean Home Enterprises*, 13 AD2d 806; see, also, *Callipari v 516 East 11th St. Corp.*, 166 Misc 79 [Sup Ct, NY County 1937].)

The court rejects Five Star's argument opposing further itemization based on this court's 2020 preclusion order because Tishman's rights under the Lien Law are independent of its failure to comply with discovery order; they are two separate things. (*See Level 5 Carpentry Corp. v 535 Const. LLC*, 2021 NY Slip Op. 30732[U] [Sup Ct, New York County 2021].)

The itemization should be sufficient for Tishman to check the claim of $2,945,905.28. Five Star's submission (NYSCEF 4) may have been sufficient, but the court could not follow it. (NYSCEF 25, tr 26:3-21.) Therefore, the court asked for an explanation in writing. (*Id.*) Robert J. Saville's supplemental affidavit shows how the

ELECTRIC CORPORATION
Motion No. 001

contract amount of $1,991,186.33 ($916,883.76 + $1,074,302.57) is calculated. (NYSCEF 26, Saville aff ¶4 (ii).) Five Star need not provide itemization to the contract amount for which Tishman received regular invoices. "A Lienor is not required by Lien Law section 38 to provide an itemized statement of labor and materials, where the claim is based on an express contract for a specific sum, the party requesting the itemized statement is fully aware of the terms of the contract and was routinely provided with invoices detailing the work that lienor had completed." *(Airitan Mgt. Corp. v Top Grade Excavating New York, Inc.,* 2016 WL 5865971 [Sup Ct, New York County 2016].) Tishman's motion is denied to the extent that Five Star has satisfied its obligation as to the portion of the lien related to the outstanding contract balance. (See NYSCEF 26, Saville aff ¶4.) However, the entire lien must be understandable --sufficient for Tishman to check the claim.

Five Star's claim for $7,500 "for completion of line-item no. 67 (Amtrack Lighting furnish and install)" is insufficient for Tishman to check the claim. (NYSCEF 26 ¶4 (iii).) Five Star must state how much is labor and how much is material.

As to the change orders balance of $947,210.00 ($640,869.00 + $306,341.00), Five Star must provide itemization. The court had hoped to see such detail in the supplemental affidavit of Robert Saville. (NYSCEF 26, Saville aff.) The court finds Five Star's itemization insufficient under the Lien Law 38 as it fails to give anything other than a less than 10-word description on a chart listing all the change orders. Listing change orders and the balance due on those change orders is not sufficient to show labor and materials as required by Lien Law 38. There is no link between the pages of

**152637/2023 TISHMAN CONSTRUCTION CORPORATION OF NEW YORK vs. FIVE STAR ELECTRIC CORPORATION**
**Motion No. 001**

**Page 4 of 5**

[* 4]

4 of 5

"description of work" and the change orders.  (NYSCEF 4, Itemized Statement at 129-134/137.)   There is no way for Tishman to check the claim.

While such an itemization is "superfluous" since Five Star bears the burden of proof in the plenary action, while the lien is in place, Tishman is entitled to such itemization in this action under Lien Law 38.  (*Strongback Corp. v N.E.D. Cambridge Ave. Dev. Corp.*, 25 AD3d 392 [1st Dept 2006].)  Accordingly, Five Star has 10 days to provide sufficient explanation.  Otherwise, the court may vacate the lien after April 6, 2024.

Accordingly, it is

ORDERED that the motion is granted to the extent that Five Star shall provide itemization by April 17, 2024, 5 pm by email and by filing in NYSCEF.  Otherwise, the lien will be vacated.

<table>
<tr><td>__4/9/2024__<br>**DATE**</td><td colspan="2"></td><td colspan="2">20240409230227AMASLEY85BA970560C445B2938AF210A42F44F8</td><td colspan="2">_____<br>**ANDREA MASLEY, J.S.C.**</td></tr>
<tr><td>**CHECK ONE:**</td><td>☐</td><td>CASE DISPOSED</td><td>☒</td><td>NON-FINAL DISPOSITION</td><td></td><td></td></tr>
<tr><td></td><td>☒</td><td>GRANTED ☐ DENIED</td><td>☐</td><td>GRANTED IN PART</td><td>☐</td><td>OTHER</td></tr>
<tr><td>**APPLICATION:**</td><td>☐</td><td>SETTLE ORDER</td><td>☐</td><td>SUBMIT ORDER</td><td></td><td></td></tr>
<tr><td>**CHECK IF APPROPRIATE:**</td><td>☐</td><td>INCLUDES TRANSFER/REASSIGN</td><td>☐</td><td>FIDUCIARY APPOINTMENT</td><td>☐</td><td>REFERENCE</td></tr>
</table>

152637/2023   TISHMAN CONSTRUCTION CORPORATION OF NEW YORK vs. FIVE STAR ELECTRIC CORPORATION
Motion No.  001                                                           Page 5 of 5

5 of 5