■ WESTBURY S & S CONCRETE, INC., Appellant-Respondent, v MANSHUL CONSTRUCTION CORP., Respondent-Appellant, et al., Respondents. [622 NYS2d 584] —In an action to recover damages for breach of contract and to foreclose a mechanic's lien, the plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County (Velsor, J.H.O.), dated June 18, 1992, which, after a nonjury trial, dismissed the complaint, and the defendant Manshul Construction Corp. cross-appeals from so much of the same judgment as dismissed its counterclaims.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which dismissed the counterclaim of the defendant Manshul Construction Corp., which was to recover damages as a result of the plaintiff's willful exaggeration of its mechanic's lien and substituting therefor a provision awarding judgment in favor of Manshul Construc-

tion Corp. on that counterclaim; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the respondent-appellant and the respondents, and the matter is remitted to the Supreme Court, Nassau County, for an assessment of damages and the entry of an appropriate amended judgment.

Manshul Construction Corp. (hereinafter Manshul) was the general contractor on a construction project for the defendant Manhasset Union Free School District. The plaintiff, Westbury S & S Concrete, Inc., commenced this action against, *inter alia,* Manshul seeking to recover the balance of money due on a subcontract between it and Manshul for additional work it performed, and materials it provided, pursuant to the subcontract. Manshul interposed counterclaims seeking to recover damages for work which was required under the subcontract which the plaintiff failed to complete and to recover damages on the ground that the plaintiff's mechanic's lien was willfully exaggerated.

After trial the Supreme Court found that the plaintiff was entitled to $10,000 from Manshul for its additional work, and offset that amount upon a finding that Manshul was entitled to $10,000 in costs for completing the plaintiff's work under the subcontract. The court dismissed the plaintiff's remaining causes of action and Manshul's counterclaims.

Contrary to the plaintiff's contention, we find that the Supreme Court properly dismissed its cause of action to recover the balance of the subcontract price since it is clear from the record that there was sufficient evidence to support the court's determination that the plaintiff was not owed any additional money under the subcontract *(see, Universal Leasing Serv. v Flushing Hae Kwan Rest.,* 169 AD2d 829, 830).

The Supreme Court erred, as a matter of law, in dismissing Manshul's counterclaim to recover damages based on the plaintiff's willful exaggeration of the amount of its mechanic's lien. On October 22, 1986, the plaintiff signed a document waiving its right to file a mechanic's lien for any of the work it performed prior to October 22, 1986. Therefore, it could not thereafter file a mechanic's lien which included costs for work admittedly performed prior to executing the waiver, or the $10,000 in costs for additional work performed prior to October 22, 1986, which were identified in an agreement between the parties dated December 8, 1987.

The plaintiff willfully exaggerated its mechanic's lien to the extent it included amounts for work performed prior to Octo-

ber 22, 1986, thus, voiding the lien and rendering the plaintiff liable for damages pursuant to Lien Law § 39-a. Accordingly, we remit this matter to the Supreme Court for an assessment of damages *(see, Goodman v Del-Sa-Co Foods,* 15 NY2d 191; *Scriven v Maple Knoll Apts.,* 46 AD2d 210).

The defendant's remaining contentions on its cross appeal are without merit. Sullivan, J. P., Rosenblatt, Joy and Altman, JJ., concur.