■ STRONGBACK CORPORATION, Respondent, v N.E.D. CAMBRIDGE AVENUE DEVELOPMENT CORP., Appellant, et al., Defendants. [808 NYS2d 654]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered July 26, 2004, which, to the extent appealed from as limited by the briefs, granted the motion of defendant N.E.D. Cambridge Avenue Development Corp. (NED) seeking cancellation of a mechanic's lien and summary judgment on its counterclaim for wilful exaggeration together with costs and attorneys' fees, to the extent of canceling plaintiff's mechanic's lien should plaintiff fail to provide, within 60 days, an itemized statement of labor and materials furnished, unanimously reversed, on the law, with costs, the motion granted, the lien discharged, and the matter remanded to Supreme Court for an assessment of damages.

Pursuant to an April 2003 agreement, plaintiff was engaged by defendant NED to act as general contractor on a project to build five three-family homes. The work was to be completed within one year at a price of $2,814,766. However, after nine months, only the exterior foundation walls had been poured. NED terminated the agreement in February 2004, and plaintiff filed a mechanic's lien in early March. The notice of lien represents that plaintiff was owed $435,431.96 for its services, divided equally between labor performed and materials furnished. NED demanded an itemized statement pursuant to Lien Law § 38, to which plaintiff responded with an unverified statement listing $422,214 due for completion of 15% of the work at the contract price and $251,217.96 for overhead on the remaining work.

Plaintiff commenced this action stating claims for breach of

contract and foreclosure of the mechanic's lien (Lien Law § 24). NED served its answer asserting a counterclaim to declare the lien void for wilful exaggeration (Lien Law § 39) and to recover damages for the amount exaggerated, together with costs and attorneys' fees (Lien Law § 39-a). In denying NED's motion for summary judgment on its counterclaim, Supreme Court held that the motion to discharge the lien was premature because NED failed to first petition the court to compel plaintiff to submit a further itemized statement pursuant to Lien Law § 38. Although it also found that plaintiff had failed to demonstrate that it had supplied materials and labor worth more than $85,081, the court concluded that any finding with respect to wilful exaggeration of the lien must await trial of the foreclosure action. We disagree.

While a petition to compel production of a further itemized statement is a prerequisite to a proceeding to cancel a mechanic's lien (*Matter of Burdick Assoc. Owners Corp. [Karlan Constr. Corp.]*, 131 AD2d 672 [1987]), nothing in Lien Law § 38 precludes an owner from interposing a counterclaim seeking to declare a mechanic's lien void for wilful exaggeration. Indeed, under Lien Law § 39, such declaration is properly made in a contractor's action to foreclose the lien (*see Mel-Stu Constr. Corp. v Melwood Constr. Corp.*, 101 AD2d 809, 810 [1984], citing *Joe Smith, Inc. v Otis-Charles Corp.*, 304 NY 684 [1952]; *Matter of Upstate Bldrs. Supply Corp. [Maple Knoll Apts.]*, 37 AD2d 901, 902 [1971], *appeal dismissed* 30 NY2d 515 [1972]). In such context, an application to compel an itemized statement is superfluous since the contractor, as plaintiff, bears the burden of establishing its entitlement to payment and must furnish proof to support its case, whether judgment is predicated on the Lien Law or the contract (Lien Law §§ 24, 54; *see Pilgrim Homes & Garages v Fiore*, 75 AD2d 846, 847 [1980], *lv dismissed* 51 NY2d 702, 768 [1980]). Furthermore, the contractor, as opponent on the owner's motion for summary judgment, is required to produce evidentiary proof in admissible form or provide a reasonable excuse for its failure to do so; if the contractor's evidence is insufficient to raise a question of fact requiring trial, summary disposition is warranted (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *see Marinelli v Shifrin*, 260 AD2d 227, 228-229 [1999] [summary judgment granted upon opponent's failure to specify disputed items]). Here, plaintiff has submitted only the affidavit of counsel merely incorporating allegations contained in the pleadings, which is insufficient to raise a triable issue of fact (*Indig v Finkelstein*, 23 NY2d 728, 729-730 [1968]).

The record establishes that this is not a case involving a mere

inaccuracy or honest mistake in setting the amount of the lien (*see Goodman v Del-Sa-Co Foods,* 15 NY2d 191, 196 [1965]). Plaintiff concedes that it received $238,000 from NED. The primary evidence of the value of plaintiff's work is NED's concession that $85,081 in labor and materials was supplied to the project. Even plaintiff's own invoice reflects a value of only $122,395 in completed work ($9,500 for tree clearing, $44,007 for excavation and backfill and $68,888 for foundation work). Thus, overlooking the question of whether the sum sought for overhead is lienable (*cf. Matter of P.T. & L. Constr. Co. v Winnick,* 59 AD2d 368, 369 [1977]), at the time the mechanic's lien was filed, plaintiff had been overpaid in the amount of at least $115,605, and its filing of the lien was altogether without justification. These facts conclusively establish that the lien was wilfully exaggerated, leaving only the issue of damages to be determined (*Westbury S & S Concrete v Manshul Constr. Corp.,* 212 AD2d 596, 597-598 [1995]). Concur—Buckley, P.J., Tom, Andrias, Sullivan and Malone, JJ.