Gonzalez, P.J., Mazzarelli, Sweeny, Abdus-Salaam and Román, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT RODRIGUEZ, Appellant. [931 NYS2d 230]—

The resentencing proceeding imposing a term of postrelease supervision was neither barred by double jeopardy nor otherwise unlawful (*see People v Lingle*, 16 NY3d 621 [2011]). We have no authority to revisit defendant's prison sentence on this appeal (*see id.* at 635). Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Abdus-Salaam and Román, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WATSON, Appellant. [931 NYS2d 231]—

Defendant is eligible for consideration for resentencing even though he had been released from custody on his drug conviction but reincarcerated for a parole violation (*see People v Paulin*, 17 NY3d 238 [2011]). Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Abdus-Salaam and Román, JJ.

■ NORTHE GROUP, INC., Appellant, v SPREAD NYC, LLC, Respondent, et al., Defendants. [931 NYS2d 231]—

In accordance with the standards for summary judgment, a claim under Lien Law § 39 is subject to summary disposition where, as here, the evidence that the amount of the lien was wilfully exaggerated is conclusive (*see Strongback Corp. v N.E.D. Cambridge Ave. Dev. Corp.*, 25 AD3d 392, 393 [2006]). The documentary evidence, including plaintiff's invoices (which identify plaintiff as the "construction manager") and the parties' written agreement, demonstrates conclusively that plaintiff was acting under the written agreement as a construction manager (and therefore prohibited from mark-

558

ing up contractor services), not, as it argues, overseeing work under an alleged, contemporaneous oral agreement as a general contractor (with the unrestricted right to impose markups). Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Abdus-Salaam and Román, JJ.