Supreme Court improperly held a hearing on the issue of whether the mechanic’s lien was wilfully exaggerated (see Bryan’s Quality Plus, LLC v Dorime, 80 AD3d 639, 640-641 [2d Dept 2011]). That issue should be determined at trial or on a motion for summary judgment (see e.g. Northe Group, Inc. v Spread NYC, LLC, 88 AD3d 557 [1st Dept 2011]; Aaron v Great Bay Contr., 290 AD2d 326 [1st Dept 2002]). Supreme Court’s *451 hearing effectively resulted in a bench trial on defendants’ counterclaim of wilful exaggeration, prior to the close of discovery and without plaintiff waiving its right to a jury and consenting to a bench trial. Such a procedure is improper. In any event, defendants failed to demonstrate that plaintiff willfully exaggerated the lien. Indeed, even Supreme Court found that any excessive billing on plaintiffs part was not malicious or done with fraudulent intent (see Minelli Constr. Co. v Arben Corp., 1 AD3d 580, 581 [2d Dept 2003]).
The matter should be assigned to a different Justice, as the record shows that Supreme Court was biased in favor of defendants. Concur — Andrias, J.E, Sweeny, Moskowitz and ManzanetDaniels, JJ.