■ MULBERRY DEVELOPMENT LLC, Respondent, v PEAK PERFORMANCE NYC, LLC, et al., Appellants. [50 NYS3d 67]—

Order, Supreme Court, New York County (Robert R. Reed, J.), entered November 18, 2016, which denied defendants' motion for partial summary judgment discharging a mechanic's lien as wilfully exaggerated, unanimously affirmed, without costs.

Defendants' motion was properly denied since they failed to establish that the mechanic's lien filed by plaintiff was wilfully exaggerated (*see* Lien Law § 39-a; *On the Level Enters., Inc. v 49 E. Houston LLC*, 104 AD3d 500 [1st Dept 2013]; *compare Strongback Corp. v N.E.D. Cambridge Ave. Dev. Corp.*, 25 AD3d 392 [1st Dept 2006]). Inclusion of allegedly outstanding retainage fees was supported by the terms of the contract providing that 10 % of all invoices would be retained until completion of the job. Furthermore, although, after the lien was filed, defendants paid some subcontractors directly, that does not render the lien retroactively exaggerated. We decline to adopt defendants' interpretation of Lien Law § 12-a as providing for an affirmative continuing duty on the part of the lienholder to amend the lien to reflect subsequent payments, or

else be subject to a finding of willful exaggeration under Lien Law § 39-a.

We have considered defendants' remaining contentions and find them unavailing. Concur—Sweeny, J.P., Richter, Moskowitz, Feinman and Gische, JJ.