| |
|---|
| **Rapaport v Broadway Kitchens & Baths** |
| 2024 NY Slip Op 30616(U) |
| February 27, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 651200/2020 |
| Judge: Louis L. Nock |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. LOUIS L. NOCK** | **PART** | **38M** |
| | *Justice* | | |

-------------------------------------------------------------------------------X

PENINA RAPAPORT and ELIYAHU KALATSKY,

                            Plaintiffs,

                     - v -

BROADWAY KITCHENS & BATHS and ERKO LEKOVIC,

                            Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651200/2020 |
| **MOTION DATE** | 08/26/2022, 09/16/2022 |
| **MOTION SEQ. NO.** | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, and 93

were read on this motion for                       SUMMARY JUDGMENT         .

The following e-filed documents, listed by NYSCEF document numbers (Motion 003) 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 92, 94, and 95

were read on this motion for                        A MECHANICS LIEN         .

LOUIS L. NOCK, J.

Plaintiffs bring this action against defendant Broadway Kitchens & Baths ("Broadway Kitchens") seeking damages in connection with a purchase agreement wherein plaintiffs purchased hired Broadway Kitchens to perform certain renovation work on their Manhattan apartment. The complaint contains causes of action against Broadway Kitchens and defendant Erko Lekovic ("Lekovic") for breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, and violations of General Business Law §§ 349-350 (complaint, NYSCEF Doc. No. 61).[1] Broadway Kitchens now moves for summary judgment, pursuant to CPLR 3212, dismissing the complaint asserted against it and in its favor on its counterclaim for a

---

[1] On April 7, 2021, default judgment as to liability was entered against Mr. Lekovic for his failure to appear in this action (NYSCEF Doc No. 20-21).

**651200/2020  RAPAPORT, PENINA vs. BROADWAY KITCHENS & BATHS**          **Page 1 of 14**
**Motion No.  002 003**

1 of 14

mechanic's lien to foreclose on the apartment and to recover the unpaid monies owed (Mot. Seq. No. 002). Plaintiffs, pursuant to Lien Law § 39, move to cancel the mechanic's lien due to Broadway Kitchens' alleged willful exaggeration of the lien amount (Mot. Seq. No. 003).

## Background

Broadway Kitchens is a general contractor who was under contract with plaintiffs, the owners of an apartment located at 100 West 89th Street, Apt 2C, New York, New York 10024 (the "apartment"), to perform renovation work. On or about July 2, 2018, plaintiffs entered into a purchase agreement with Broadway Kitchens for the purchase of materials and services to renovate the apartment (contract, NYSCEF Doc. No. 41). According to the contract, plaintiffs agreed to pay Broadway Kitchens a total of $124,540 for the labor and materials required for the renovations to be paid in several installments (*id.* at BKB 000001). The work was scheduled to commence on August 1, 2018, with an estimated completion date of December 1, 2018 (*id.*). However, the contract was not signed until September 9, 2018 (*id.*). The scope of the work included demolition and reconstruction of the kitchen, master bathroom, and hall bathroom, removal of old floors and new floor installation, and patching and painting of all walls within the apartment (*id.* at BKB 000004-5).

On or about January 30, 2019, Broadway Kitchens entered into change order agreements (the "change orders") with plaintiffs modifying the contract, crediting plaintiffs for their provision of tile and plumbing materials for the hall bathroom and master bath (change orders #1-2, NYSCEF Doc. Nos. 43-44). On or about March 1, 2019, Broadway Kitchens entered into another change order for kitchen cabinets (change order #4, NYSCEF Doc. No. 49).

**651200/2020   RAPAPORT, PENINA vs. BROADWAY KITCHENS & BATHS**
**Motion No.  002 003**

**Page 2 of 14**

2 of 14

Lekovic, a subcontractor for Broadways Kitchens, was responsible for physically performing the renovations in plaintiffs' apartment (Chinman EBT tr, NYSCEF Doc. No. 38 at 35, 134, 141).

On or about April 5, 2019, plaintiffs terminated the contract with Broadway Kitchens (Rappaport EBT tr, NYSCEF Doc. No. 39 at 69-70; Kalatsky EBT tr, NYSCEF Doc. No. 40 at 18-19, 58; Rapaport aff., NYSCEF Doc No. 66, ¶ 13). Plaintiffs contend that Broadway Kitchens' failure to complete the work properly caused delays in the renovations. Plaintiff Rapaport testified that Broadway Kitchens installed the wrong size hardwood floor planks and only admitted its error after she measured the planks herself (Rapaport EBT tr, NYSCEF Doc. No. 39 at 69-70). She also testified that Broadway Kitchens used plaintiffs' apartment to store garbage from another job in her building (*id.* at 84-85) as well as causing water to leak into the unit below plaintiffs (*id.* at 104-105). Plaintiff Rapaport further testified that a wall was wrongly installed in the open-concept-kitchen based on the wrong design plan being used (*id.* at 67-68), and Broadway Kitchens installed the floors badly, damaged kitchen cabinets, and delayed ordering kitchen materials (*id.* at 108). Additional defects were allegedly discovered after the contract was terminated, causing plaintiffs to partially redo the waterproofing in the bathroom and kitchen (*id.* at 95-96, 109).

Jefferson Chinman, the president, chief financial officer, and owner of Broadway Kitchens, testified that plaintiffs failed to purchase the tile and the plumbing fixtures for the bathrooms, leaving them "stuck" waiting for these materials; failed to finalize plans for the kitchen until four months after the designs had been started; and prevented Broadway Kitchens from installing the cabinets, hardware, and tile backsplash in the kitchen when plaintiffs barred Broadway Kitchens from entering the building (Chinman EBT tr, NYSCEF Doc. No. 38 at 9, 18,

651200/2020  RAPAPORT, PENINA vs. BROADWAY KITCHENS & BATHS
Motion No. 002 003

Page 3 of 14

3 of 14

[* 3]

75-78). Chinman further testified that plaintiffs failed to provide vanities, counters, faucets, medicine cabinet, items for the shower, toilets, as well as bath accessories and shower valve or trim (*id.* at 79-81). He denies that plaintiffs ever expressed any dissatisfaction with the quality of the renovations (*id.* at 124-125); but admits to repairing a "slight leak in one of the valves" that caused "minor ceiling damage" to the store below plaintiffs' apartment (*id.* at 135-136).

After they terminated the contract, plaintiffs instructed the building staff to bar entry to Broadway Kitchens, and its employees were prevented from entering the apartment to install custom kitchen cabinets (Rapaport EBT tr, NYSCEF Doc. No. 39 at 69-70; Kalatsky EBT tr, NYSCEF Doc. No. 40 at 18, 58; NYSCEF Doc. Nos. 48, 50). Plaintiffs, thereafter, continued to work with Lekovic to complete the renovations and when that was unsuccessful, hired new contractors to complete the renovations to the apartment (Rapaport EBT tr, NYSCEF Doc. No. 39 at 42-43, 45-46, 90-91; Kalatsky EBT tr, NYSCEF Doc. No. 40 at 19; invoice to CDP General Contractors, LLC, NYSCEF Doc No. 51). Plaintiffs allege that Broadway Kitchens breached the contract, and they suffered monetary damages totaling at least $294,419.83.[2]

On or about May 15, 2019, Broadway Kitchens filed a notice of mechanic's lien against the property in the amount of $53,463 for unpaid materials and labor provided at the time of termination (mechanic's lien, NYSCEF Doc No. 60).[3] On August 3, 2020, plaintiffs, by their attorneys, made a written demand on Broadway Kitchens pursuant to Lien Law § 38, demanding that it furnish a verified statement setting forth the items of labor and/or materials within five

---

[2] Although plaintiffs alleged that they suffered damage in rent payments of $27,000 to temporarily live in another residence during the renovations (NYSCEF Doc No. 61 at ¶ 59), Rapaport testified that she did not know who owned the other residence (Rapaport EBT tr, NYSCEF Doc. No. 39 at 125-127); but plaintiffs later clarified in response to defendant's interrogatory requests that the premises belonged to Rapaport's parents (response to Broadway Kitchens interrogatories, NYSCEF Doc No. 53 at 6-7).

[3] Plaintiffs' contention that the mechanic's lien was filed in retaliation for filing this lawsuit is problematic, as the filing of the mechanic's lien on May 15, 2019, predates the filing of this lawsuit on February 24, 2020.

[* 4]

days after receipt of the demand (demand for itemized statement, NYSCEF Doc No. 63). On September 29, 2020, Broadway Kitchens provided a written statement for: (1) delivery of the wood flooring for $24,908; (2) purchase and delivery of kitchen cabinets for $18,681; and (3) sheetrock, spackle, trim, paint, and ancillary materials and work for $9,874, totaling $53,463 (itemized statement of lien, NYSCEF Doc. No. 64).

## Standard of Law

A movant seeking summary judgment pursuant to CPLR 3212 in its favor "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The evidentiary proof tendered must be in admissible form (*see Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]). "This burden is a heavy one and on a motion for summary judgment, 'facts must be viewed in the light most favorable to the non-moving party'" (*William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013] [citation omitted]), "and every available inference must be drawn in the [non-moving party's] favor" (*De Lourdes Torres v Jones*, 26 NY3d 742, 763 [2016]). Once met, this burden shifts to the opposing party who must then demonstrate the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). If the existence of an issue of fact is even arguable, summary judgment must be denied (*Phillips v Kantor & Co.*, 31 NY2d 307, 311 [1972]; *Museums at Stony Brook v Village of Patchogue Fire Dept.*, 146 AD2d 572, 573 [2d Dept 1989]). Indeed, "[w]here different conclusions can reasonably be drawn from the evidence, the motion should be denied" (*Sommer v Federal Signal Corp.*, 79 NY2d 540, 555 [1992]; *accord Jaffe v Davis*, 214 AD2d 330, 330 [1st Dept 1995] [denial required where conflicting inferences may be drawn]).

**651200/2020  RAPAPORT, PENINA vs. BROADWAY KITCHENS & BATHS**
**Motion No. 002 003**

**Page 5 of 14**

5 of 14

## Discussion

### The Contract

Broadway Kitchens' motion for summary judgment is denied because the evidence submitted raises questions of fact regarding who breached the contract between the parties first.[4] The elements of a breach of contract claim are the formation of a contract, plaintiff's performance under the contract, defendant's breach thereof, and damages as a result (*see Belle Light. LLC v Artisan Constr. Partners LLC*, 178 AD3d 605, 606 [1st Dept 2019]).  A party may unilaterally terminate a contract where the other party has breached and the breach is material (*see Exportaciones Del Futuro Brands, S.A. De C.V. v Authentic Brands Group, LLC*, 201AD3d 499, 500 [1st Dept 2022] ["[a]s a result, plaintiff's breaches of the agreement substantially defeated the parties' contractual objective and constituted material breaches, thus justifying defendants' termination of the contract" [internal quotation marks omitted]).  The non-breaching party is discharged from performing any further obligations under the contract and can terminate the contract, sue for damages, or continue the contract (*Awards.com v Kinko's, Inc.*, 42 AD3d 178, 188 [1st Dept 2007] ["[w]hen a party materially breaches a contract, the non-breaching party must choose between two remedies: it can elect to terminate the contract or continue it.  If it chooses the latter course, it loses its right to terminate the contract because of the default"], *affd* 14 NY3d 791 [2010]).

---

[4] The court declines to deny Broadway Kitchens' motion purely for its failure to tender a formal statement of material facts.  In its current form, 22 NYCRR 202.8-g(a) provides that "[u]pon any motion for summary judgment, . . . the court may direct that there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried."  The court finds that there has been no prejudice to plaintiffs caused by the lack of a formal statement and, therefore, in its discretion, and in the interest of justice, the court excuses any asserted non-compliance in this regard (CPLR 2001; *see*, 22 NYCRR 202.1[b]).

**651200/2020  RAPAPORT, PENINA vs. BROADWAY KITCHENS & BATHS**
**Motion No.  002 003**

**Page 6 of 14**

6 of 14

[* 6]

Broadway Kitchens argues that it is entitled to summary judgment as plaintiffs breached the contract by unilaterally terminating its services before the renovation of their apartment was completed (NYSCEF Doc No. 36). It contends that under section 1 of the contract's Terms and Conditions, the contract "cannot be cancelled or altered by the Buyer without the prior written consent of BKB" (NYSCEF Doc No. 41 at BKB 000002). Defendant disputes that it breached the contract first; argues it did not perform defective work or delay performing its work; that plaintiffs have a remaining balance due of $87,178.00 under the contract; and that plaintiffs cannot prove any damages (NYSCEF Doc No. 36). In support of its motion Broadway Kitchens submits, among other things, the contract, the deposition transcripts of Chinman, Rapaport, and plaintiff Eliyahu Kalatsky, change orders, email communications between the parties, invoices, and plaintiffs' responses to defendant's interrogatories, amended responses to defendant's interrogatories, and responses to defendant's request for production (NYSCEF Doc Nos. 38-55).

Plaintiffs oppose, contending that the termination was justified because Broadway Kitchens was an "unreliable, unskilled, and dishonest contractor" whose "performance was fraught with complication and delays of its own making" (NYSCEF Doc No. 76 at 4). Plaintiffs dispute that Broadway Kitchens provided all the services under the agreement (*id.* at 10), arguing that Broadway Kitchens caused a six-week delay by not starting demolition as scheduled and not obtaining the required certificate of insurance even after plaintiffs had selected their appliances and issued the first payment (*id.* at 11-12). Plaintiffs also contend that they were not credited for all the payments made to Broadway Kitchens including those made to Lekovic (*id.* at 12-13). In their opposition, plaintiffs submit Broadway Kitchens' answer, the deposition transcripts of Chinman, Rapaport, and Kalatsky, several pieces of email correspondence, and a text communication (NYSCEF Doc Nos. 79-89).

651200/2020   RAPAPORT, PENINA vs. BROADWAY KITCHENS & BATHS
Motion No.  002 003

Page 7 of 14

The issue of who breached the contract first is a material and dispositive question of fact critical to plaintiffs' breach of contract claim. If Broadway Kitchens' delay and deficiency in completing its work constituted a material breach of the contract, then it would constitute cause for plaintiffs' termination of its services (*Fifteenth & Fifth LLC v LG Park Slope LLC*, 199 AD3d 412, 412 [1st Dept 2021] [breach of a material obligation excuses defendant from performing], *citing Grace v Nappa*, 46 NY2d 560, 567 [1979].) However, if plaintiffs breached the agreement first, their cause of action for breach of contract fails.

Plaintiffs admit to terminating the contract on or about April 5, 2019, contending that they were justified due to Broadway Kitchens' failure to perform its services in a timely and competent manner (Rappaport EBT tr, NYSCEF Doc. No. 39 at 69-70; Kalatsky EBT tr, NYSCEF Doc. No. 40 at 18-19, 58; Rapaport aff., NYSCEF Doc No. 66, ¶ 13). Broadway Kitchens was allegedly unresponsive to plaintiffs' complaints and questions, caused flooding to the unit below plaintiffs' apartment, stored garbage in their apartment, erroneously installed a light fixture in the ceiling as well as an extra wall in the kitchen area, and installed the wrong size wood flooring (Rapaport EBT tr, NYSCEF Doc. No. 39 at 67-70, 84-85, 95-96, 104-105, 108-109).

Broadway Kitchens, on the other hand, asserts that plaintiffs' termination was not justified and that it was plaintiffs who prevented the completion of the work in a timely manner. Broadway Kitchens admitted receiving three payments in the amount of $12,454 each (answer, NYSCEF Doc No. 62 at ¶¶ 15, 21, 30), and that certain projects were not completed by January 2019; but asserts that the delays were caused by the additional work required by the superintendent of the building, plaintiffs' failure to make crucial decisions regarding the contemplated renovations, as well as plaintiffs' failure to make complete and timely payments

651200/2020  RAPAPORT, PENINA vs. BROADWAY KITCHENS & BATHS
Motion No.  002 003

Page 8 of 14

8 of 14

[* 8]

(Chinman EBT tr, NYSCEF Doc. No. 38 at 79-81, 124-125). Defendant denies that the renovation work was done in an incompetent manner.

Here, the parties have presented contradictory evidence concerning their interactions and transactions that require credibility determinations to resolve (*see Citibank, N.A. v Uri Schwartz & Sons Diamonds Ltd.,* 97 AD3d 444, 446 [1st Dept 2012] [summary judgment denied where party raised material issues of fact requiring credibility determinations]). It is not the court's function to determine issues of credibility on a motion for summary judgment (*see also, Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 315 [2004] ["[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . on a motion for summary judgment."] [internal quotation marks and citation omitted].) As there are genuine issues of material fact as to who breached the contract first, Broadway Kitchens' motion for summary judgment is denied.

### The Mechanic's Lien

Broadway Kitchens moves for summary judgment on its counterclaims to foreclose on the mechanics' lien (NYSCEF Doc No. 36 at 16). Plaintiffs oppose, and independently move, contending that the lien should be vacated due to willful exaggeration (NYSCEF Doc No. 76 at 18). "To establish the right to enforce a mechanic's lien, a contractor must make a prima facie case that the lien is valid, and that it is entitled to the amount asserted in the lien" (*J.T. Magen & Co., Inc. v Nissan N. Am., Inc.*, 178 AD3d 466, 466 [1st Dept 2019], *citing Ruckle & Guarino, Inc. v Hangan*, 49 AD3d 267, 267 [1st Dept 2008]).

Broadway Kitchens failed to establish its prima facie entitlement to judgment as a matter of law on its counterclaim to foreclose on the mechanic's lien. It failed to show that it is entitled to the amount stated in the lien (*Ruckle*, 49 AD3d at 268). The amount of the outstanding

651200/2020 RAPAPORT, PENINA vs. BROADWAY KITCHENS & BATHS
Motion No. 002 003

Page 9 of 14

9 of 14

balance contained in the mechanic's lien is different than that contained in the accounting sheet (*compare* mechanic's lien, NYSCEF Doc No. 60 *with* accounting sheet, NYSCEF Doc No. 74). Further, there are inconsistencies in the charges on the accounting sheet and those that appear on the itemized statement (*compare* itemized statement of lien, NYSCEF Doc No. 64 *with* accounting sheet, NYSCEF Doc No. 74). Moreover, at deposition, Chinman did not recall exactly what the charges appearing on the mechanic's lien were for (Chinman EBT tr, NYSCEF Doc. No. 38 at 113-114, 115-118, 142-143). Thus, the evidence presented does not adequately resolve the dispute concerning the amount owed, and triable issues of fact remain. Accordingly, so much of Broadway Kitchens' motion for summary judgment to foreclose on the mechanic's lien is denied.

Likewise, plaintiffs' motion to vacate the mechanic's lien for willful exaggeration is denied. Plaintiffs argue that Broadway Kitchens exaggerated its mechanic's lien by at least $20,000, failing to properly credit them for a payment made to Lekovic for delivery of wood flooring, and provided an inadequate itemized statement devoid of details. Broadway Kitchens opposes the motion by arguing that plaintiffs fail to show any deliberate acts indicating willful exaggeration; but rather, presented evidence of a potential mistake in the amount of the lien based on their misunderstanding and mischaracterization of the documentary and testimonial evidence (NYSCEF Doc No. 94 at 4-9). Broadway Kitchens further argues that plaintiffs' motion is procedurally defective as plaintiffs never demanded a further detailed itemized statement prior to moving to discharge the lien, and Broadway Kitchens has not disobeyed a court order directing it to provide a more detailed statement pursuant to Lien Law § 38 (*id.* at 9-

651200/2020 RAPAPORT, PENINA vs. BROADWAY KITCHENS & BATHS
Motion No. 002 003

Page 10 of 14

10 of 14

10).[5] Broadway Kitchens further argues that it never had an obligation to provide an itemization because it does not seek an amount over the price the parties agreed to in the contract (*id.* at 12).

In reply, plaintiffs argue that Broadway Kitchens' submission of only a memorandum of law in opposition is insufficient to oppose their motion (NYSCEF Doc No. 95 at 2-3). Plaintiffs further dispute Broadway Kitchens' arguments that there was a misunderstanding or misinterpretation of the accounting worksheet or Chinman's testimony, contending that there is no interpretation other than that Broadway Kitchens knew, at least one month prior to the filing of the lien, that it was overcharging plaintiffs (*id.* at 3-6). Plaintiffs also contend that there is no procedural deficiency because they challenged the validity of the mechanic's lien in the complaint and mentioned this insufficiency in their reply to the counterclaims. Lastly, plaintiffs assert that they are not seeking any relief under Lien Law § 38 and referenced the deficiency in the itemized statement "solely [to] emphasize the difficulty of verifying the claims giving rise to Defendant's Lien" (*id.* at 2, 7).

The court concurs that Broadway Kitchen's submission of only a memorandum of law by counsel, in opposition, is insufficient to defeat plaintiffs' prima facie entitlement to judgment as a matter of law (*Gruppo v London*, 25 AD3d 486, 487 [1st Dept 2006]). However, the court finds, upon a search of the record, that plaintiffs have failed to demonstrate, as a matter of law, that Broadway Kitchens willfully exaggerated the amount of the subject lien. No conclusive evidence was presented that Broadway Kitchens intentionally and deliberately inflated the lien amount.

---

[5] Lien Law § 38 provides, "[a] lienor who has filed a notice of lien shall, on demand in writing, deliver to the owner or contractor making such demand a statement in writing which shall set forth the items of labor and/or material and the value thereof which make up the amount for which [the lienor] claims a lien, and which shall also set forth the terms of the contract under which such items were furnished."

651200/2020   RAPAPORT, PENINA vs. BROADWAY KITCHENS & BATHS
Motion No.  002 003

Page 11 of 14

11 of 14

The issue whether the amount of a lien has been willfully exaggerated "is ordinarily determined at the trial of the foreclosure action"; summary judgement is appropriate only where the evidence of willful exaggeration is "conclusive" (*Casella Constr. Corp. v 322 E. 93rd St. LLC*, 211 AD3d 458, 459 [1st Dept 2022] [internal quotation marks and citations omitted]). Courts have found conclusive evidence of willful exaggeration based on the lienor's own documents and records, the relevant contracts, and the testimony and affidavits of fact witnesses (*see, Casella Constr. Corp.*, 211 AD3d at 459 [affirming willful exaggeration based on contract provision that insurance proceeds was "the sole and total compensation due"]; *Inter Metal Fabricators, Inc. v HRH Constr. LLC*, 94 AD3d 529, 529 [1st Dept 2012] [affirming willful exaggeration based on the lienor's own documents and testimony that the costs and expenses were knowingly marked up]; *Northe Group, Inc. v Spread NYC, LLC*, 88 AD3d 557, 557 [1st Dept 2011] [willful exaggeration affirmed where lienor's own invoices and written agreement of parties showed that markups were imposed].)

Relying on Lien Law § 39, plaintiffs argue that a willful overstatement of the lien results in a forfeiture of the lien. Lien Law § 39 provides, in relevant part, that in an action to enforce a mechanic's lien, "if the court shall find that a lienor has willfully exaggerated the amount for which he claims a lien as stated in his notice of lien, his lien shall be declared to be void and no recovery shall be had thereon." However, "[i]naccuracy in amount of lien, if no exaggeration is intended, does not void a mechanic's lien; willfulness also must be shown" (*Goodman v Del-Sa-Co Foods*, 15 NY2d 191, 194 [1965] [internal quotation marks and citations omitted]. "The fact that a lien may contain improper charges does not, in and of itself, establish that a [party] willfully exaggerated a lien" (*Minelli Constr. Co. v Arben Corp.*, 1 AD3d 580, 581 [2nd Dept 2003] [citations omitted]).

**651200/2020   RAPAPORT, PENINA vs. BROADWAY KITCHENS & BATHS**
**Motion No.  002 003**

**Page 12 of 14**

Plaintiffs' reliance on *Strongback Corp. v N.E.D. Cambridge Ave. Dev. Corp.* (25 AD3d 392 [1st Dept 2006]), where the court dismissed the plaintiff's mechanic's lien based upon willful exaggeration pursuant to Lien Law § 39, is misplaced. In that case, the evidence conclusively showed that the lien was not justified, as plaintiff conceded to being paid a sum, prior to filing the lien, that was more than he was owed (*Strongback Corp.*, 25 AD3d at 394). Here, there is no showing that Broadway Kitchens knew the lien amount was false and intended to exaggerate the lien amount (*J.T. Magen & Co., Inc.*, 178 AD3d at 467 [issue of exaggeration "requires not only a showing of exaggeration, but also that the exaggeration was done intentionally"] [ citation omitted]).

Unlike the circumstance in *Strongback Corp.*, plaintiffs rely exclusively on circumstantial evidence to dispute the amount of the lien such as a lack of invoices and a possibility that Broadway Kitchens may not have credited plaintiffs all payments received by it or Lekovic (Rapaport aff., NYSCEF Doc. No. 66, ¶ 19). Plaintiffs have only presented three canceled checks made out to Broadway Kitchens totaling $33,687 (canceled checks, NYSCEF Doc. No. 68-69, 71). While plaintiffs assert that they paid Broadway Kitchens a sum of $58,595 (Rapaport EBT tr, NYSCEF Doc. No. 39 at 121-122), this amount is less than the $79,541 Broadway Kitchens credited to plaintiffs on the accounting sheet (accounting sheet, NYSCEF Doc No. 74). Further, Chinman testified that plaintiffs were only authorized to pay Lekovic directly for the waterproofing and the sound proofing of the wood floors and a door (Chinman EBT tr, NYSCEF Doc. No. 38 at 66-69, 89-90; email from Chinman to plaintiffs dated March 15, 2019, NYSCEF Doc No. 52 at BKB 000084). Thus, a summary determination cannot be made at this time, as it cannot be said conclusively at this time that the amount of the lien was

651200/2020   RAPAPORT, PENINA vs. BROADWAY KITCHENS & BATHS
Motion No.  002 003

Page 13 of 14

[* 13]

exaggerated and, if so, done willfully (*see*, *e.g.*, *On the Level Enters., Inc. v 49 E. Houston LLC*, 104 AD3d 500, 500-501 [1st Dept 2013]).

As the parties dispute the accuracy of the lien amount, material issues of fact exist and the motion to cancel the mechanic's lien is denied.

The court has considered the parties' remaining contentions and finds them unavailing. All relief not expressly addressed herein is denied.

Accordingly, it is

ORDERED that defendant's motion for summary judgment (Mot. Seq. No. 002) is denied; and it is further

ORDERED that plaintiffs' motion to cancel the mechanic's lien (Mot. Seq. No. 003) is denied; and it is further

ORDERED that this matter is respectfully referred to the Clerk of the Trial Assignment Part to be scheduled for trial.

This constitutes the decision and order of the court.

ENTER:

*Louis L. Nock*

| 2/27/2024 | | LOUIS L. NOCK, J.S.C. |
|-----------|---|------------------------|
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

651200/2020   RAPAPORT, PENINA vs. BROADWAY KITCHENS & BATHS          Page 14 of 14
Motion No.  002 003

14 of 14