**Allure Metal Works, Inc. v JRM Constr. Mgt., LLC**

2024 NY Slip Op 32538(U)

July 23, 2024

Supreme Court, New York County

Docket Number: Index No. 154956/2016

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. SABRINA KRAUS**              PART       57M

                    *Justice*

--------------------------------------------------------------------------------X

ALLURE METAL WORKS, INC.,                **INDEX NO.**     154956/2016

Plaintiff,

- v -

JRM CONSTRUCTION MANAGEMENT, LLC, ORCA
MECHANICAL, INC.,3 COLUMBUS CIRCLE, LLC,
VIGILANT INSURANCE COMPANY

Defendants.

--------------------------------------------------------------------------------X

## BACKGROUND

Plaintiff commenced this action seeking sums that were alleged not paid for work done as a subcontractor on a construction project. This Court held a bench trial on May 14-16, 2024, and at the conclusion of the trial, the Court reserved decision. For the reasons set forth below, the Court finds Plaintiff is entitled to judgment against Defendants.

## FINDINGS OF FACT

Plaintiff was a subcontractor for ORCA Mechanical, Inc. ("ORCA"). Plaintiff manufactured and installed HVAC ductwork on the 14th, 16th and 17th floor of the building at 3 Columbus Circle, New York, New York. JRM Construction Management, LLC ("JRM") was the general contractor for the job. ORCA was a subcontractor to JRM. The building is owned by 3 Columbus Circle, LLC, and managed by the Moinian Group. Plaintiff filed a mechanic's lien on May 2, 2016, which was bonded by Vigilant Insurance Company.

# OTHER ORDER – NON-MOTION

The parties entered into an agreement regarding the scope of the work and an agreed upon price of $225,000.00 (Ex 1). Plaintiff was to manufacture and install ductwork in the subject premises according to the plans of the architect and the engineer on the job.

Plaintiff prepared shop drawings of the ductwork which were submitted to ORCA. ORCA submitted the drawings to JRM who submitted them to the architect and the engineer for approval. There were several rounds of such submissions, and the drawings were finally approved in March 2015.

Prior to bidding for the job, Mr. Kern and Mr. Kulic went to the site for a walkthrough. No walls had been constructed and Plaintiff was told that the duct work would go in before the walls were erected. However, Defendants erected the walls before the installation of the ductwork which caused delays in the job.

As the work progressed, Plaintiff submitted change orders to ORCA for changes in the work and material required at the job. The total amount of the change orders submitted were $157,433.00. Plaintiff performed all of the required work under the contract and the change orders.

At a meeting between the parties on June 23, 2015, ORCA agreed to pay Plaintiff $45,098.50 for the change orders. ORCA never made that payment. The total amount paid by ORCA for the goods and services was $184,500.00. Based on the parties' agreements there is therefore a balance due to Plaintiff in the amount of $85,598.50.

Plaintiff seeks additional amounts for change orders. Plaintiff acknowledges it has no signed purchase orders for the additional amounts, but stated they proceeded with the work without them so as not to delay the job further, and so that the job could be completed.

[* 2]

In addition to the documents submitted in evidence, the Court heard the testimony of: Richard Kern, Plaintiff's principal; Benjamin Projansky, from JRM; Edward Kulic, principal of ORCA, and David Gonzalez, a supervisor on the job for plaintiff. The Court found all the witnesses credible, except for Mr. Kulic. In particular, the court credits the testimony of David Gonzlaez that Plaintiff's work was completed in November 2015.

Benjamin Projansky acknowledged that JRM has approved Plaintiff as a subcontractor on other jobs that took place after the work at Columbus Circle, and that Plaintiff completed the project at Columbus Circle.

## **DISCUSSION**

Plaintiff established a *prima facie* case against Defendants. Allure and ORCA had an agreement to do the work for $225.000. The work was done, and Defendants failed to establish any claim regarding alleged defects in the work at trial or that they had to pay another company to finish the work.

The parties agreed to an additional $45,098.50 for the change orders, and while the additional work was done, that amount was never paid. Although Mr. Kern testified he had only agreed to accept the lower amount if it was paid within one week, he billed for the lower amount well after that date and the Court finds he is bound to accept the amount he agreed to.

The first cause of action in Plaintiff's complaint asserts that Plaintiff provided work labor and services to ORCA at their request and at an agreed price and that ORCA refused to pay. Both parties at trial agreed that there was a contract for the initial $225,000 and a subsequent agreed for an amount to be paid by the change orders. Thus, the Court reads the first cause of action, as pled, as encompassing a cause of action for breach of contract. Assuming *arguendo* that the first cause of action did not sufficiently allege the elements of breach of contract the

Court may *sua sponte* amend the pleadings to conform to the proof adduced at trial [*Rennert Diana & Co. v Kin Chevrolet, Inc.* 137 AD2d 589 (2nd Dept, 1988); CPLR 30235(c)]. There is no prejudice in doing so, as Defendant treated the first cause of action as a breach of contract claim as set forth in Defendant's memorandum of law and asserted a counterclaim for breach of the contract, which it pursued at trial.

Both parties argue in their post-trial memoranda that there was a contract between the parties, although they disagree as to who was the breaching party. Both parties also reference a *quantum meruit* cause of action as being encompassed in the first cause of action, but, as there was an agreed price for most of the work the Court does not find same as applicable. Additionally, to the extent that Plaintiff sued for amounts above what was agreed to be paid, the Court finds that Plaintiff failed to establish a claim to same at trial.

Defendants second through fifth counterclaims are dismissed. Defendants failed to establish a *prima facie* entitlement to relief under same at trial. Defendant failed to prove any negligence or unworkman like conduct by Defendants. Similarly, it was established at trial that ORCA has bid on contracts with JRM and there was no evidence that Plaintiff's work on the job caused ORCA a loss of profits.

Finally, Defendant's first counterclaim is also dismissed. While the Court finds that the amount of the lien exceeded the amount Plaintiff was entitled to after trial, the Court does not find that the amount was willfully exaggerated. *NDL Associates, Inc. v Villanova Heights, Inc.* 99 AD3d 450 (1st Dept., 2012). The Court finds that Mr. Kern had a good faith belief that he was entitled to the additional amounts.

## CONCLUSION

Based on the foregoing, the Court finds Plaintiff is entitled to a judgment on its first cause of action in the amount of $85,598.50. All other remaining[1] claims and counterclaims are dismissed. Plaintiff is entitled to interest from June 14, 2016, forward.

Parties are to submit a proposed judgment for the Court's signature within 10 days from the date of this order.

This constitutes the decision and order of the Court.

20240723123430SBKRAUSE3D593C4E9C644D0972DCD98FE7A5D07

DATE: **7/23/2024**

**SABRINA KRAUS, JSC**

**Check One:**    [X]  **Case Disposed**        [ ]  **Non-Final Disposition**

**Check if Appropriate:**    [ ]  **Other (Specify** _____ **)**

---

[1] Plaintiff withdrew its third cause of action when Plaintiff rested.

[* 5]